THE JOHN HUTCHINSON MANUFACTURING COMPANY, Appellant, v. S. H. HENRY AND B. T. HENRY, Respondents.

St. Louis Court of Appeals, March 10, 1891.

1. **Practice, Appellate:** RULINGS ON EVIDENCE: NECESSITY FOR EXCEPTIONS. Rulings of the trial court on the admission of evidence cannot be reviewed on appeal, if no exceptions thereto were saved in the trial court.

2. **Principal and Agent:** PLEADING: BURDEN OF PROOF. If an action is brought for the purchase price of personalty, sold by a person, who in point of fact acted as the agent of the plaintiff, and the defendant desires to defend on the ground that the agency was not disclosed, and that he had in good faith treated and paid the agent as a principal, the defense should be pleaded specially, and the burden of the proof in respect thereto rests with the defendant.

3. ——: OSTENSIBLE AUTHORITY OF LATTER IN THE CASE OF SALE. If an agent solicits and obtains an order for the purchase of goods and transmits the same to the vendor, and the vendor thereon delivers the goods to him and he delivers them to the purchasers he becomes clothed, by virtue of the possession of the goods, with the ostensible authority of collecting payment therefor; and such ostensible authority will include the power to accept payment in other property instead of money.

*Appeal from the Howell Circuit Court.*—HON. JOSEPH
CRAVENS, Judge.

REVERSED AND REMANDED.

*Olden & Orr*, for appellant.

*W. N. Evans*, for respondents.

THOMPSON, J.—The plaintiff, a corporation organized and existing under the laws of the state of Michigan, brings this action to recover the sum of $300, being, as is alleged, the purchase price of a certain engine and fixtures sold and delivered by the plaintiff to the defendants. The answer was a general denial. The cause went to trial before a jury, and there was a verdict and judgment for the defendants. The plaintiff appealed.

The evidence adduced by the plaintiff tended to show that the plaintiff sold and delivered to the defendants the engine and fixtures mentioned in the petition for the agreed purchase price of $318, and that the defendants have wholly failed and refused to pay the same. Its evidence also tended to show that the sale was effected through its local agent at the defendant's place of business, one Shafer, and that Shafer was merely its agent to solicit orders, but was not its agent to collect or to vary the terms of payment.

The defendants adduced evidence tending to show that they never bought the engine and fixtures in question of the plaintiff, but bought them of Shafer; that Shafer proposed to sell them the engine and fixtures, and that they told Shafer that they could not afford to buy them until they could dispose of a boiler and engine which they already had; that thereupon Shafer agreed to take the boiler and engine in payment of the new engine and fixtures; that, in accordance with this agreement, they gave the order to Shafer, verbally,

upon which the engine and fixtures were shipped to West Plains, the place where they did business, consigned not to them, but to the order of the plaintiff; that they advanced the money to pay the freight upon the same at the request of Shafer, and that, at his request, the engine and fixtures were delivered to them by the railway station agent. Their evidence also tended to show that thereafter Shafer resold the old boiler and engine to one Lung.

On the other hand, the plaintiff's explanation of this transaction, detailed through the mouth of Shafer who was called as the first witness for the plaintiff, was that, Shafer acting as the agent of the plaintiff, it was agreed between him and the defendants that the defendants would purchase the new engine and fixtures, if Shafer would procure *for them* a purchaser for their old boiler and engine; that Shafer thereupon, acting for them, did procure such purchaser in the person of Lung; that Lung refused to pay the purchase money, and that an action therefor was brought against him before a justice of the peace. But Shafer's version of the transaction was weakened by evidence disclosing the fact that the action against Lung was brought by Shafer in his own name, and that, on the trial of that action before the justice of the peace, Shafer testified that the boiler and engine sold to Lung belonged to himself. As Shafer admittedly paid for these things with the property of the plaintiff, they could only belong to him in virtue of his agency for the plaintiff, and the only title which he could assert in respect thereto would be the plaintiff's title.

The deposition of John Hutchinson, president of the plaintiff corporation, was read in evidence, and in it he detailed the whole transaction, giving the plaintiff's version of the facts, as already stated. This deposition contains the following passage:

"That, on or about October 1, 1887, Shafer took and transmitted to the plaintiff an order for one boiler

and fixtures for S. H. Henry & Son, of West Plains, Missouri, the defendants in this suit, for which they were to pay three hundred and twenty-eight dollars (($328). Said order was approved and filed, and said boiler and fixtures shipped to said S. H. Henry & Son, direct; that, November 12, 1887, plaintiff received two hundred dollars ($200), and on December 23, 1887, one hundred and twenty-eight dollars ($128), in full payment for said boiler and fixtures from said S. H. Henry & Son, by drafts payable to the order of plaintiff.''

William A. Reynolds, secretary of the plaintiff, also gave a deposition containing the same statement of the facts, and containing also the same passage. This passage, detailing a prior sale of a boiler and fixtures by the plaintiff to the defendants, was excluded by the court on motion of the defendants, and the plaintiff excepted. The exclusion of this portion of these two depositions is the first error assigned by the appellant. We are of opinion that the court committed error in this ruling. After going carefully over the testimony in this record, we are of opinion that this evidence was competent and admissible as bearing upon the question of the knowledge which the defendant had of the scope and extent of the agency of Shafer.

The next assignment of error is, that the court erred in allowing the defendant to prove declarations made by the agent Shafer, inconsistent with his employment. The argument is that, before the declarations of an agent can bind the principal, it must be shown that such declarations were made in and about a matter over which the agent had authority to act. We do not see any evidence of this kind in the record, to which an exception was taken. Parties cannot take their exceptions for the first time in an appellate court. Shafer, testifying as a witness for the plaintiff. stated on cross-examination that, in the suit between him and Lung in the justice's court, he did not claim that the old boiler and engine, which he had sold for the defendants to

Lung, was his property. Several witnesses were pro duced who testified that he did so testify before the justice. This was in direct contradiction of this statement made by him, and was admissible as being in direct impeachment of his testimony as a witness.

The court gave the following instructions, the first at the request of the plaintiff, and the second at the request of the defendants: "The court instructs the jury that, if they find from the evidence that the plaintiff sold the engine and fixtures to defendants for the price and sum of $318, and that said sum of money has not been paid to the plaintiffs, then you should find for the plaintiff the amount shown to be due and unpaid, with interest at six per cent. from the time the same became due and payable."

"The court instructs the jury that it devolves upon the plaintiff to prove by a preponderance of evidence that the defendant bought of the John Hutchinson Manufacturing Company the engine in question, and that it is unpaid for; and, unless the plaintiff has so proven, you should find for the defendants."

We apprehend this last instruction was erroneous.

It is said by Greenleaf, in general terms, that in respect of the issue of payment the burden of proof is on the defendant. 2 Greenl. Ev., sec. 516. Our supreme court has held that this is the rule under the plea of payment. *Yarnell v. Anderson*, 14 Mo. 624. In this case the answer was a general denial, and the defendants set up and relied on the facts, that no contract in respect of the engine in question had ever been made between them and the plaintiff at all; but that the only contract, which they had ever made in respect of it, had been made with Shafer, and they had performed that contract according to its terms. If by this the defendants designed to defend the action on the ground, that they made the contract with the agent of an undisclosed principal, and had paid such agent in good faith, the burden of making good this defense properly rested

on the defendants, and they ought to have pleaded it specially.

Error is also assigned on the refusal of the following instructions, requested by the plaintiff : "2. That, although the evidence may show that Shafer had authority from plaintiffs to solicit orders for machinery, but if he acted in this matter beyond the scope of his authority, then the plaintiff is not bound, and you should find for the plaintiff.

"3. That what the alleged agent, Shafer, may have said or done, does not bind the plaintiff in this suit, unless the plaintiff had given said Shafer authority to sell the engine and boiler and make terms of payment.

"4. That it devolves upon the defendant to show that Shafer was the agent of the plaintiff to sell the machinery in question and to collect this debt from Henry & Son.

"5. That, under the evidence, the plaintiff is entitled to recover the amount sued for together with interest at six per cent. from the time the debt became due."

We may lay out of view the instruction, numbered 5, with the observation that, as there was substantial evidence in favor of the defendants' hypothesis of fact, the court could not properly have directed a verdict for the plaintiff.

We also perceive no error in refusing the instruction, numbered 3. The evidence adduced by the defendant was of such a character as did not allow the case to rest upon the actual authority of the agent of the plaintiff, but placed it upon his *presumed* or *ostensible* authority. That evidence tended to show that the engine and fixtures in question were shipped to West Plains to the order of the plaintiff, which could only mean to the order of the plaintiff's agent at West Plains ; and that it was so understood and acted upon. The evidence adduced by the defendants also tended to

show ( and we do not understand that it is contradicted on this point ), that no order was ever given by them for the engine and fixtures directly to the plaintiff; that no written order, addressed to the plaintiff, was ever by them delivered to Shafer, the plaintiff's agent; but that the only order given for it was a verbal order to Shafer. If, then, the engine and fixtures were shipped to Shafer by plaintiff, and placed in Shafer's hands for disposal as the agent of the plaintiff, we have the case discussed by the supreme court in *Rice v. Groffmann*, 56 Mo. 434. In that case, the court not only reaffirmed its previous holdings, that a power given by an agent to *sell* goods includes, in contemplation of law, a power to *receive* payment for them; but it also held that, where the owner of goods puts them in the possession of his agent for the purpose of sale, he thereby clothes the agent with ostensible authority not only to sell them but to collect the payment of them. The court accordingly held it error to give instructions of the nature of those upon which we are now commenting, in a case where this state of facts arose. The rule laid down by the supreme court in that case was, that " where the principal had clothed the agent with the *indicia* of authority to receive payment, as by intrusting to him the possession of the goods to be sold, the purchaser is warranted in paying the price to the agent; but when the agent has not the possession of the goods, *indicia* of authority, and is only authorized to sell, if the purchaser pays the price to the agent, he does so at his own peril, and it devolves upon him, in a suit for the purchase money by the principal, to prove that the agent was also authorized to receive payment. The Kansas City Court of Appeals acted upon the same principle in *Keown v. Vogel*, 25 Mo. App. 39. It is, therefore, clear that, if the plaintiff shipped the engine and fixtures to Shafer, instead of shipping them direct to the defendants, and if they thereby placed them in the hands of Shafer, they impliedly authorized Shafer

to negotiate for the sale of them, to arrange the terms of payment, and to collect the purchase price.

Nor is there any presumption or inference of law in such a case that the agent, thus clothed with power to sell has not the power to accept in payment property in kind, instead of actual cash. We may, perhaps, take judicial notice of the fact commonly and well known, that many manufacturers of machines, and other merchants, trade in this way.

Assuming, then, the truth of the hypothesis shown by the evidence of the defendants, that Shafer was put in possession of this machine for the purpose of treating with them for the sale of it, it would be necessary for the plaintiff, in order to charge the defendants, to show that, in arranging with Shafer to pay for it by turning over to him another boiler and engine, they knew that Shafer was acting in excess of his authority and wrongfully toward his principal.

A similar observation may fairly be made on the instruction, numbered 3. It is drawn on the theory of limiting the question of the agency of Shafer to his actual, and not to his ostensible, authority, and, therefore, we think that it was properly refused. Nor do we see any error in the refusal of the instruction, numbered 4.

We have thus gone over the remaining assignments of error in view of the fact that the cause will have to be retried ; with the conclusion that we do not find any error in them. But, for the error of excluding the portions of the depositions above stated, and of giving the instruction as to the burden of proof, the judgment will be reversed and the cause remanded. All the judges concur.