JOSEPH G. McCOY v. H. H. HAZLETT.

1. PROMISSORY NOTE; *Pre-existing Debt.* The mere giving and receiving of a note of the debtor does not operate as a satisfaction and discharge of a pre-existing judgment.

2. JUDGMENT; *Alleged Payment; Conflict of Testimony.* Where an action is brought to restrain the collection of a judgment on the ground that it has been satisfied by the note of the judgment-debtor, and the parties testify positively and directly contradictory to each other, one that it was agreed that the note should be taken in satisfaction and discharge of the judgment, and the other that it was not so agreed, and there is some testimony supporting each of the parties, but none conclusive upon the question, and it appears that the note has not been paid, but is filed with the clerk of the district court: *held,* that this court will not reverse the findings of the district court that the note was not so taken in discharge.

*Error from Dickinson District Court.*

INJUNCTION by *McCoy,* to restrain the collection of a judgment. Trial at the September Term 1873, before H. G. B., judge *pro tem.* Finding and judgment in favor of *Hazlett,* and plaintiff brings the case here. The facts are fully stated in the opinion.

*Case & Putnam,* for plaintiff in error, contended that the testimony showed that the note was taken by Hazlett in *satisfaction* of the judgment.

*N. C. McFarland,* for defendant, cited *Merrick v. Boury,* 4 Ohio St., 60; *Porter v. Talcott,* 1 Cowen, 380, and *Tobey v. Barber,* 5 Johns., 72, that a note given by a debtor for a pre-existing debt is no payment of the original demand, unless it is *agreed* that the note shall be taken as satisfaction; and when such "agreement" is alleged, it must be proven by clear and undoubted testimony, to avail the party who alleges it.

The opinion of the court was delivered by

BREWER, J.: The facts in this case are as follows: Hazlett commenced an attachment suit against McCoy in the district court of Dickinson county, and at the April Term 1870 recovered a judgment for $649.29. On the same day McCoy paid $500 in cash, and gave his note for the balance payable on or before the 1st of August next ensuing. In consideration of this Hazlett released his attachment-lien, and credited the $500 on the judgment. McCoy claims that he paid and that Hazlett received the cash and note in full satisfaction of the judgment, and that the latter agreed to cancel and discharge it of record. This Hazlett denies. Afterward Hazlett brought suit on the note before a justice of the peace, and was beaten, McCoy testifying in such action that the judgment was still in force to the amount of the note, and that the plaintiff had levied on property to satisfy it. Hazlett took no appeal from this judgment of the justice. The note itself was filed with the clerk of the district court, never having been paid by McCoy. This action is brought by McCoy to restrain Hazlett from proceedings to collect the $149.29 as balance due upon the original judgment. A temporary restraining order was made, but upon final hearing the district court found in favor of Hazlett, and discharged the order. To reverse this ruling this proceeding in error is brought. It seems to us that there is but a single question in the case, and that one of fact, and one upon which there was contradictory testimony. Was it agreed between McCoy and Hazlett that the $500 and the note should be in full payment and satisfaction of the judgment? If it was, the restraining order should have been made perpetual; if not, it was properly discharged. The mere giving and receiving of a note of the debtor does not operate as a discharge of a pre-existing judgment. This will not be questioned. Upon the trial Hazlett testified positively that he never agreed to take this note in satisfaction. McCoy testified to the contrary. McCoy's testimony before the justice tended to support Hazlett's testimony here.

The fact of Hazlett's bringing suit on the note, tended to support McCoy's evidence. · There was no other testimony bearing upon this question. The district court having upon this evidence found in favor of Hazlett, and it being ample to support such finding, well-settled rules of procedure in this court forbid us to interfere with the decision.

The judgment will be affirmed.

All the Justices concurring.