## JOSEPH KERMEYER V. HENRY NEWBY.

PAYMENT; *Bank Check.* The mere taking of a bank check for a debt is not a payment of the debt until cashed, nor is it an extinguishment of the contract for which it was given.

*Error from Leavenworth District Court.*

ACTION by *Newby,* on an account. The pleadings and facts are fully stated in the opinion. *Newby* had judgment

at the November Term 1873, and *Kermeyer* brings the case here for review. No briefs on file.

*F. P. Fitzwilliam,* for plaintiff in error.

*Charles W. Helm,* for defendant in error.

The opinion of the court was delivered by

KINGMAN, C. J.: This action was upon an account for $319.92 for cattle sold and delivered by Newby to Kermeyer. The answer was a general denial, and payment, but on the trial it was admitted that the plaintiff Newby sold and delivered the cattle at the price stated in the petition. The case was tried by the court, who found generally for the plaintiff, thereby finding, in addition to the admitted facts, that payment had not been made. There were no special findings of fact, and no question of law raised for this court, except that the evidence does not sustain the judgment. The conditions upon which this court will reverse a judgment of the court below on this ground have been too often decided to need statement here. It is only necessary to examine the record to see if there was evidence tending to support the judgment of the court on the want of payment for the cattle. The testimony is in substance as follows: Kermeyer testifies positively that he paid for the cattle in money, and strengthens his testimony by that of witnesses who heard conversations between himself and Newby in which Newby admitted payment either in money or check. On the other hand, Newby testifies that he had taken for the cattle a check on the German Savings bank of Leavenworth which he had lost, and introduces some other testimony tending to strengthen his own, and throw doubts on the testimony of the defendant as to the payment in money. In his testimony the plaintiff used these expressions: Having testified to the sale and delivery of cattle to defendant at different times, he said, "he (defendant) paid me sometimes with checks on the German Savings bank of Leavenworth, and sometimes in cash." * * *

"He paid me the amount I claim in a check on the German Savings bank, and did not pay me in cash for this lot of cattle." * * * "I received the check in payment of the lot of cattle, and must have lost it." On this evidence, the plaintiff in error (defendant below,) insists that he ought to have had judgment, as in law it makes no difference whether payment was made in cash or by check. It is unquestionably true in law, however it may be in fact, that, if *payment* be made, it matters not whether it be by check or money. The real question is, was *payment* made. The court must have found these facts, or it could not have given judgment — first, that the cattle were sold and delivered by plaintiff to defendant, at the price alleged; second, that there was no payment therefor. To reach this last conclusion it is certain that the court must have found that a check was given for the price of the cattle, and that the check was not payment for the cattle. Under all the evidence in the case, this court is not able to say that any of the facts found as above are erroneous, and the only question for this court is, whether the taking of the check is a payment in law. There is no doubt that, if by agreement it is taken as a payment, then the law makes it a payment, as much as if paid in cash; but there is no evidence of any such agreeement, save the inference that may be drawn from the terms used by the plaintiff quoted above, and the court must have held these expressions as but the loose use of words by the witness, who would hardly have admitted payment of a claim that he was seeking to establish. Take his whole testimony together, and we cannot say the court erred in that conclusion. Then the law question which we have to consider is simply whether taking a check is a payment. On this subject, Parsons in his work on Bills and Notes, p. 85, says: "It is undoubtedly payment as soon as it is cashed; but, generally, at least, not until then." In a subsequent chapter, page 150, *et seq.*, the authorities on the presumptions of law as to payment by accepting negotiable paper for a debt are referred to, and from them it will be seen that as a general rule, in this country

and in England, that the acceptance of such paper does not extinguish the original debt. The exceptions are carefully pointed out, and the facts and principles stated on which the exceptions are founded, but none of them are broad enough to include this case. One of the exceptions would be where a party had taken negotiable paper, and by his own laches a loss is incurred, then upon proof of such loss, by the debtor, the negotiable paper becomes by the negligence of the holder a satisfaction of the debt without a special agreement; but the burden of proving this loss is upon the debtor. In Massachusetts, Maine, and Vermont, it seems to have been long established that the taking of a note is the extinguishment of the debt. In Wisconsin (24 Wis., 607,) it seems that the receiving of a check is *prima facie* evidence of the payment of the debt, and is absolute payment if the holder of the check, through his own negligence, fails to take proper steps to obtain payment. In all the other states, so far as examined, the rule of the common law prevails, that the giving of one simple executory contract for another does not extinguish the latter. In this case, therefore, we but follow the rule of the common law, and the current of authorities, in holding that the simple taking of the check was not a payment of the debt, nor an extinguishment of the contract for which it was given. The authorities to support this conclusion are referred to in note *a*, page 153, of Parsons on Notes and Bills. The judgment must therefore be affirmed.

VALENTINE, J., concurs.

BREWER, J.: I concur in the decision, but rest my judgment on slightly different grounds.