## SHEPARD & PLAYFORD v. JOHN G. ALLEN & SON.

1. EVIDENCE; *Immaterial Testimony.* The admission of immaterial evidence is generally not sufficient to require a reversal of the judgment. It is never so except where it tends to prejudice the substantial rights of the party against whom it is introduced.

2. PROMISSORY NOTE — *When Given for Pre-existing Debt; Payment, or Security.* Where a promissory note is executed for a preëxisting debt, it is wholly within the control and direction of the parties themselves at the time the note is executed, whether it shall serve as the absolute payment and extinguishment of the original debt or not; and in such a case, where there was evidence introduced on the trial, on both sides of the question, and the finding thereon was general, and to the effect that the note was not executed in absolute payment of the debt, and the evidence was sufficient to sustain such finding, *held*, that such finding cannot be disturbed by the supreme court.

### Error from Osage District Court.

ALLEN & SON, as plaintiffs, recovered judgment against *Shepard & Playford*, at the April Term 1874, for $952.25, and costs. The defendants bring the case here on error. The facts and proceedings are sufficiently stated in the opinion.

*James Rogers*, for plaintiffs in error.

*William Thomson*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by John G. Allen & Son against Shepard & Playford, on an account for goods sold and delivered. The judgment below was for the plaintiffs, and the defendants below, who are now plaintiffs in error, brought the case to this court. The only assignments of error are as follows:

"*First,* That the said court erred in admitting the evidence on the part of the said Allen & Son, to which the said Shepard & Playford at the time objected.

"*Second,* That the said judgment was given for the said Allen & Son when it ought to have been given for the said Shepard & Playford according to the evidence, and the law of the land."

I. The only evidence of the plaintiffs below, objected to, was certain testimony of the witnesses F. G. Nelson and W. Thompson. This evidence was offered by the plaintiffs below in rebuttal, and was proper rebutting evidence. It had reference merely to an interview between said witnesses and the defendant Shepard concerning certain notes, and what Shepard said about them. The evidence was objected to on the ground that it was irrelevant and incompetent. Now if it was irrelevant or incompetent, it was so merely because it was immaterial in the case. And the admission of immaterial evidence is generally not sufficient to require a reversal of a judgment. It is never so except where it tends to prejudice the substantial rights of the party against whom it is introduced. It is certainly not so in this case.

II. The trial of the case was before the court without a jury; and the court made a general finding in favor of the plaintiffs and against the defendants; and upon this general finding the judgment of the court below was unquestionably correct. This substantially disposes of the second assignment of error.

III. But the main argument of the plaintiffs in error, as we find it in their brief, is founded upon the claim that the finding of the court below is erroneous, and not sustained by

sufficient evidence. Certain notes were given for the amount of the account sued upon; and the principal question of fact contested in the court below was, whether said notes were given as absolute payment of said account, or whether they were given merely as conditional payment, as additional security, or as collateral evidence of the preëxisting debt for which they were given. That the whole matter was completely within the direction and control of the parties at the time the notes were executed, we suppose no one will question. The parties could have made the giving of said notes serve as the absolute payment and extinguishment of said debt if they had so chosen. (*McCoy v. Hazlett*, 14 Kas. 430.) Or they could have made the notes serve merely as additional evidence of the debt, and allowed the original debt still to subsist and continue in force, if they had so chosen. *Kermeyer v. Newby*, 14 Kas. 164; *Cooper v. Condon*, 15 Kas. 572, 578. Hence, the only thing for the court below to do was, to hear the evidence offered on each side, and then to decide the question in accordance with the preponderance of the evidence. This the court below did. There was evidence introduced on both sides, and the court below upon this evidence decided in favor of the plaintiffs below. We cannot disturb that decision. There was sufficient evidence to uphold the same. What the decision should have been, if there had been no evidence introduced on either side upon the subject, is a question which is not now before us. Or upon whom would rest the burden of proof in such a case, we need not now decide. The weight of authority however would seem to be that the original debt in such a case would, *prima facie*, continue to exist; that the burden of proof to show that it had been paid or extinguished by the execution of promissory notes therefor, would rest upon the debtor; and that if no evidence were introduced except that of the mere execution of the notes, it would be presumed that the original debt still continued in force, unpaid and unextinguished. (*Kermeyer v. Newby*, supra; 10 U. S. Dig., First Series, 61 to 74, and cases there cited.)

The judgment of the court below will be affirmed.

All the Justices concurring.