# JANUARY TERM, 1877.

### PRESENT:

Hon. ALBERT H. HORTON, Chief Justice.
Hon. DANIEL M. VALENTINE, } Associate Justices.
Hon. DAVID J. BREWER,      }

MEDBERRY, YETTER & CO. v. SOPER, BRAINARD & CO.

1. PARTNERS, AND PARTNERSHIPS; *Limited Partnerships; Want of Notice.*
Where a partner claims that his liability to creditors of the firm is restricted by a special contract between the partners, and no proceedings have been had under the limited-partnership act, it is incumbent on him to prove notice to or knowledge by the creditors of such contract-limitation, or he will be liable equally with the other partners for the entire debts of the firm.

2. TAKING NEW NOTE FOR EXISTING DEBT; *When Payment, and When Not.* The acceptance of a note by the creditor, of one of several joint debtors, does not have the effect to discharge the other debtors, without an agreement to receive it in payment or satisfaction.

*Error from Miami District Court.*

SOPER, BRAINARD & CO., plaintiffs, at the December Term 1872, recovered a judgment against *H. N. Medberry, Penn Yetter, F. M. Shaw,* and *C. A. Leighton,* as late partners, defendants, for the sum of $2,715 debt, and $367.95 costs. The defendants bring the case here for review. The material facts, and the instructions given and refused, are stated in the opinion.

*W. R. Wagstaff,* for plaintiffs in error.

*B. F. Simpson,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: On the 10th of May 1870, the firm of Medberry, Yetter & Co. was constituted by the following article of agreement:

"Article of agreement made and entered into this 10th of May 1870, by and between H. N. Medberry, party of the first part, and Penn Yetter, party of the second part, whereby said party of the first part agrees to furnish two thousand dollars as the capital stock, and the said party of the second part agrees to furnish one thousand dollars, for the purpose of transacting a lumber business in Columbus and Chetopa, Kansas, the profits and losses to be equally divided, a true and accurate account of the transactions of said firm to, be kept in books provided for that purpose. The firm-name to be Medberry, Yetter & Co. The Company, C. A. Leighton and F. M. Shaw, are known only as security to the above firm. Said firm to take no risks, go no securities outside of their legitimate line of business, without the consent of all the parties concerned. The said parties not to be bounden for the private accounts of either individual belonging to said firm. This article applies to business anywhere.

"H. N. MEDBERRY.          F. M. SHAW.
"PENN YETTER.          C. A. LEIGHTON."

In November 1870, the firm was dissolved, owing Soper, Brainard & Co. about $3,500. Medberry continued the business, taking the property, and assuming the debts. In January 1871, having made some purchases since the dissolution, Medberry settled with Soper, Brainard & Co., giving his individual note for the total amount of the firm's and his own debts. This note was subsequently renewed, and payment made of four months interest in advance. Not being paid when due, Soper, Brainard & Co. brought their action against all the members of the firm of Medberry, Yetter & Co. for the amount due by that firm at the time of its dissolution, and not subsequently paid, and brought the last note of Medberry's into court on the trial and tendered it to the defendants. They also denied any knowledge of the stipulations of the partnership. Shaw and Leighton insisted that they were only securities to the firm for $1,000, as an accommodation to Yetter to make him an equal partner with Medberry, and that they were not to share in the profits or losses, and that this was duly communicated to Soper, Brainard & Co. Upon the trial the court gave and refused instructions to the jury as follows. The plaintiffs below asked the court below to give these instructions:

" 1st. The taking of the individual note of H. N. Medberry by the plaintiffs for goods sold by plaintiffs to the firm of Medberry, Yetter & Co., the said H. N. Medberry being one of the firm of Medberry, Yetter & Co., does not have the legal effect to discharge the other members of the firm, unless such individual note was taken with an agreement and understanding to that effect; and the fact that the note was negotiable, makes no difference, when it remains in the hands of the plaintiffs, and is produced at the trial of the action against the firm for the goods sold, but it is not relied on as the cause of action, and the maker has become insolvent. [ *Given. Excepted to by defendants.* ]

" 2d. That the burden of proving the defense in this action, set up by Shaw and Leighton, that they had been discharged by the acts of the plaintiffs from all liability as members of the firm of Medberry, Yetter & Co., and that plaintiffs had knowledge that, at the organization of the firm of Medberry, Yetter & Co., Shaw and Leighton, by special contract, limited their liability to the extent of $1,000 as security for Yetter, is upon the defendants who plead such defense. [ *Given. Excepted to by defendants.* ]

" 3d. The fact that, at the time of taking the individual note of H. N. Medberry on account of the indebtedness of the firm of Medberry, Yetter & Co. by Soper, Brainard & Co., the amount of said note was passed to the credit of Medberry, Yetter & Co. on the books of Soper, Brainard & Co., and said account balanced, does not alone have the legal effect to work a payment of said account of Medberry, Yetter & Co.; but this is a matter subject to explanation by the evidence in the case. [ *Given. Excepted to by defendants.* ]

" 4th. In all cases the members of limited partnerships shall be subject to all liabilities of general partners, unless at the time of forming such partnership they shall make and severally sign a certificate containing the name of the firm, the general nature of the business to be transacted, the names of all general and special partners, distinguishing them with their place of residence, the amount of capital stock which each special partner contributed to the capital stock, and the period at which the partnership is to commence and terminate. Such certificate shall be acknowledged by the several persons signing the same before some officer authorized by law to take the acknowledgment of deeds, and filed in the office of the county clerk of the county in which the principal

place of business of the partnership shall be situated, and the terms of the partnership shall be published, when recorded, for at least four weeks in a newspaper published in the county in which the record shall be made; and if such publication be not made, the partnership shall be deemed general." [*Given. Excepted to by defendants.*]

The defendants below (plaintiffs in error,) asked the court to charge jury as follows:

"1st. If the jury find that the firm of Medberry, Yetter & Co. dissolved partnership, and the firm of Soper, Brainard & Co., with notice of the dissolution, continued to do business with H. N. Medberry, and took the individual note of H. N. Medberry for full partnership account of Medberry, Yetter & Co., and extended the time of payment by payment of interest, and that the said H. N. Medberry, at the time of the dissolution of the firm of Medberry, Yetter & Co., had transferred to him assets sufficient to pay the debts of the firm, these facts are to be taken into consideration by the jury as tending to show the release of the firm of Medberry, Yetter & Co. from their liability to Soper, Brainard & Co., and of substituting H. N. Medberry in its stead." [*Given, with the following modification:*] "But the act of taking the individual note of H. N. Medberry for the amount of the partnership account does not operate to pay such account, unless it was agreed to have that effect." [*Modification excepted to by defendants.*]

"2d. The mutual agency of the partners, which is created by the partnership, ceases when it is dissolved; and after dissolution, neither can make a note or other contract binding on the other partners, unless authorized by them to do so; and when one partner goes out of a firm, and another comes in and assumes the debts of the firm, and gives notice of dissolution to creditors of old firm, and with notice that new firm takes all assets and assumes all liabilities, and the creditor with this knowledge, without notice to the retiring members of the old firm, and without their consent, takes the note of the new firm for the old-firm debt, balances the old account by such note, and afterward renews the note, receives interest, and extends payment, the creditor *prima facie* discharges the retiring members of the old firm; and it is incumbent on such creditor to show a different and other understanding between himself and the retiring members of the firm. [*Refused, and defendants excepted.*]

"3d. The agreement of parties with regard to settlement of the firm and partnership debts, will not affect third parties who are not advised of such agreement; but when a creditor or creditors are advised of such an arrangement, and the creditors accept one partner as his or their debtor in lieu of the partnership, and a new negotiatiable paper passes from the debtor so accepted to the creditor, there is a new consideration, and this is generally sufficient to support an agreement to release and exonerate the other partners." *To which the court added*—"but whether there be such an agreement of release is a question of fact for the jury." [*Given as modified; defendants excepted to the modification.*]

"4th. If the jury believe from the evidence, that the firm of Soper, Brainard & Co., on the 18th of August 1871, took from H. N. Medberry, one of the members of the late firm of Medberry, Yetter & Co., a promissory note for the full amount of the indebtedness of the said firm of Medberry, Yetter & Co., payable in four months from date thereof, and received from the said H. N. Medberry the interest in advance on said note for the time it was to run, and extended the time of payment of indebtedness of the said firm of Medberry, Yetter & Co. for the period of four months from that date, without the knowledge or consent of the retiring members of said firm, then, in that case, the firm of Soper, Brainard & Co. were estopped from enforcing the collection of said indebtedness of Medberry, Yetter & Co. during the time said note was to run, and for which interest had been taken; and the insolvency of the maker of the note during the period the note was to run releases the retiring members of said firm. [*Refused, and defendants excepted.*]

"5th. If a creditor of a firm agrees that the retiring partners of a firm shall be considered simply as surety for the debt of the old partnership, and the creditor afterward, whether holding the partnership securities or otherwise, gives time to the new firm for the payment of the debt, the retiring partners in their character of surety are thereby discharged. [*Given.*]

"6th. Shaw, Leighton, and Yetter, in this action, are called the retiring members of the firm of Medberry, Yetter & Co. Soper, Brainard & Co. were creditors of the firm of Medberry, Yetter & Co. At its dissolution, H. N. Medberry was the successor of Medberry, Yetter & Co. The retiring members of the firm are held for the debt of the old firm, unless discharged by some act or conduct on the part of So-

per, Brainard & Co. The firm of Soper, Brainard & Co. may be held bound by the act or conduct of any member of the firm, so far as the same may concern the business of the firm. It is rarely that a partnership firm, or member thereof, assents to an arrangement to discharge, expressly and directly; but such an assent may be implied. Whether there is such an implied assent or not, is a question of fact for the jury. In determining whether such an assent has been given by Soper, Brainard & Co. to the discharge of Shaw, Leighton and Yetter from the liability of the firm debt of Medberry, Yetter & Co., the jury are authorized to take into consideration the time, facts, and circumstances of the dissolution of the firm of Medberry, Yetter & Co., and notice thereof to Soper, Brainard & Co.; the fact of transferring the accounts to H. N. Medberry; the fact of continuing to extend credit to him; the fact of taking his individual note for the whole amount of indebtedness; the fact of receiving payment; the fact of extending time on the note; the fact of including H. N. Medberry's individual debt with the partnership debt; the fact of surrendering the first, and taking the second note, and receiving interest in advance. These, with all other facts in evidence, are proper subject-matters to be taken into consideration by the jury in arriving at a conclusion as to whether Soper, Brainard & Co. assented to the release of Shaw, Leighton and Yetter from liability to Soper, Brainard & Co. for the firm debt of Medberry, Yetter & Co." [*Refused, and defendants excepted.*]

Upon these instructions we remark, that where the existence of a partnership is conceded, the presumption of law is, that each partner is liable for all the debts of the firm; and that where either partner claims that his liability is limited by special contract between the partners, and no proceedings have been had under the limited-partnership act, (ch. 74, Gen. Stat. 1868, p. 600,) it is essential that notice to or knowledge by the creditor of such contract-limitation be shown, or as to him it will not exist. A party dealing with a firm, need not inquire as to the special arrangements between the partners. It is enough for him to know that the partnership exists. Each partner then is liable for the total debt.

1. Limited partnership. Notice.

II. The acceptance of a note, by the creditor, of one of

several joint debtors, does not have the effect to discharge the other debtors, without an agreement to receive it in payment or satisfaction.    It will be borne in mind, that the dissolu-

2. Taking note for existing debt—when payment, and when not.

tion of a partnership in no respect changes the liability of the several partners to the creditors. Each is liable for the entire debt, after, as fully as before, the dissolution.    Nor does the giving by a debtor of his promissory note, discharge the debt.    It is but a written evidence of his indebtedness.    True, it may be accepted in payment, if the parties so agree; and whether they do so agree or not, is a question of fact. *Kermeyer v. Newby,* 14 Kas. 164; *McCoy v. Hazlett,* 14 Kas. 430; *Cooper v. Condon,* 15 Kas. 572; *Shepard v. Allen,* 16 Kas. 182.    If the note of all the partners would not discharge the debt of the firm, *a fortiori* the note of one would not.    Authorities are conflicting as to whether the receipt of a note is or is not *prima facie* evidence that it is taken in satisfaction of the prior indebtedness.    But it is generally agreed that it is not necessarily satisfaction, and that whether it be so or not depends upon the agreement of the parties.    Dixon, C. J., in the case of *Eastman v. Porter,* 14 Wis. 39, says: "It is a clear rule of the common law, that a subsisting simple contract is not discharged or extinguished by the acceptance of another contract of the same nature, given by the same party, and founded upon the same consideration, unless it be expressly so agreed. The new contract is considered as nothing more than a new evidence of the same original contract. or indebtedness; and if it is not performed, the party may resort to his remedy on the latter."    And again: "The promissory note of the debtor, taken for an antecedent simple contract debt, does not extinguish the original debt, if the note remains in the hands of the creditor, due and unpaid."    In *Parker v. Canfield,* 37 Conn. 250, it is decided that "the taking of a renewal note from one who had dormant partners when the original was given, after the termination of the partnership, and without any intention to discharge the dormant partners, does not discharge the claim against the copartnership."    So in 29 Penn.

St. 404, in the case of *Callier v. Leech*, the court says: "Where the creditor of a firm takes the notes of the surviving partners for the amount of his claim, or a judgment against them for the same, he does not release the estate of the deceased partner, *unless it is so agreed at the time.*" In *Harris v. Farwell*, 15 Eng. L. & Eq. 70, it is decided, that "a contract to discharge a retiring partner from a debt due from the firm, may be proved either by an express agreement, or by facts and conduct from which it may be fairly inferred. Taking a new security is not of itself sufficient to discharge the retiring partner, *but there must also be an agreement,* either express, or to be implied, to discharge the old firm." It is decided in the case of *Yarnell v. Anderson*, 14 Mo. 619, that "taking a new note with surety from a partner, after the partnership is dissolved, for the note of the partnership, *is not of itself* a discharge of the partner who has retired." In Gore on Partnership, Am. Ed. of 1825, p. 200, the rule is thus defined.: "When the two requisites of a joint interest and a joint credit concur, *nothing but actual satisfaction,* or the extinguishment of the original consideration by the acceptance of *a higher security,* can invalidate the claim which the creditor possesses against the firm." The New York authorities are still stronger. In *Cole v. C. & E. Sackett*, 1 Hill, 516, this was the decision: "C. & E. being partners, gave their note for a debt of the firm, under an agreement that it should be in full satisfaction; and, after dissolving, E. agreed, for a consideration received from C., to assume and pay the debt for which the note was given, and accordingly took up the firm note and gave his own in lieu; and it was held to be no bar to a recovery on the original consideration." The opinion in that case was delivered by Judge Cowen, and he declared the doctrine to be entirely settled, that the promissory note of a debtor, given for a precedent demand, will not operate as payment, so as to preclude the creditor from suing on the original consideration, though given under an express agreement that it should be received in full satisfaction; but otherwise, if the note be

that of a third person. This doctrine was subsequently re-considered and approved in *Waydell v. Luer*, 5 Hill, 448; and in that case it was held that the giving of a promissory note by one of several partners, for a demand antecedently due from all, will not extinguish their liability, although the creditor expressly accepts the individual note in satisfaction. Judge Cowen delivered the opinion in that case also, and re-viewed all the authorities, English and American. See also, *Hughes v. Wheeler*, 8 Cow. 77; *Frentress v. Markle*, 2 G. Greene, 553. In Vermont, Massachusetts, Maine and per-haps other states, the receipt of the note seems to be consid-ered evidence, *prima facie* at least, that it was taken in satisfaction of the original debt. *Stephens v. Thompson*, 28 Vt. 77; *Chapman v. Durant*, 10 Mass. 47, and note; *Desca-dillas v. Harris*, 8 Greenleaf, 298. Such also seems to be the view of Prof. Parsons. 1 Pars. on Cont. 145, 146; Pars. on Part. 422, 423.

There was no error in refusing the second instruction asked by the defendants. It is based upon an assumption not in accord with the facts of this case. "When one partner goes out of a firm, and *another comes in.*" Here some of the partners went out, but no new ones came in. The notes car-ried the promise of no one, not originally liable, no one not a member of the firm at the time of the creation of the debt. The refusal of the sixth instruction, if error at all, was not one prejudicing the material rights of the plaintiffs in error sufficiently to justify a reversal of the judgment against them. It amounted simply to this, that all the facts in evi-dence were proper for the jury to consider in determining whether the plaintiffs in error were released by defendants in error. The special matters named had been nearly all re-ferred to in the first instruction given at the instance of defendants, and it was unnecessary to refer to them again.

We see no error of which the plaintiffs in error can com-plain in the instructions. The conflict in the testimony was

25—17 KAS.

settled by the jury against them, and therefore the judgment must be affirmed.

VALENTINE, J., concurring.

HORTON, C. J., not sitting in the case.