BRADLEY, WHEELER & COMPANY v. H. J. HARWI *et al.*

PROMISSORY NOTE—*Extinguishment of Debt—Burden of Proof.* The giving of a promissory note for an antecedent debt is *prima facie* not a payment or extinguishment of the debt, and will not be so regarded unless that is the express agreement of the parties; and where a party alleges as a defense that the note was accepted as payment, the burden of proof rests upon him to show that such was the purpose and agreement of the parties.

*Error from Graham District Court.*

THE case is stated in the opinion.

*W. B. Ham,* for plaintiffs in error.

*H. J. Harwi,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action brought in the district court of Graham county, by Bradley, Wheeler & Co. against Harwi & Lank and H. J. Harwi, to recover the purchase-price of a stock of goods sold by them to one W. H. Reasoner on December 16, 1886. The plaintiff alleged among other things that the company sold the stock of goods on credit to Reasoner at the time mentioned, and that in March, 1887, he sold the greater part of the goods to Harwi & Lank, under a contract with them by which they were to pay the purchase-

price of the goods to Bradley, Wheeler & Co., as agreed upon between the plaintiff and Reasoner. The answer of the defendants admitted purchasing the goods from Reasoner, but they alleged that they had paid the full value of the same to Reasoner. They denied that they ever assumed the indebtedness of Reasoner to plaintiff on the goods; and for a further defense alleged: "That subsequent to the said sale and delivery of the goods aforesaid by the said Reasoner to these defendants, the said Reasoner had paid off and discharged the account sued on in this action, by note accepted and taken as payment and extinguishment of said debt accrued." In the plaintiff's reply the allegations of defendants' answer were denied. At the November term, 1887, a trial of the cause was had with a jury upon the issues thus presented, and in charging the jury the following instruction was given:

"The defendants deny any liability to plaintiffs upon the causes of action set up in the petition, and claim that they bought a part of the implements referred to in the petition from said Reasoner and paid him for them. They also claim that plaintiffs settled the claim sued on with said Reasoner by taking his notes therefor in full settlement of said claim after the purchase and delivery of a part of said implements by them from Reasoner. If the evidence offered by defendants is *equally* or more convincing to you than the testimony to the contrary is, that either or both of said claims as made by defendants are true, then your verdict should be for defendants."

An exception was taken to this instruction, and the giving of the same is the only ground of error assigned for reversal. It devolved upon the plaintiff to establish the allegation that there had been an assumption of the indebtedness by the defendants; but in the latter part of the instruction the burden of proof is placed upon the plaintiff in regard to whether the note was taken from Reasoner as a payment and an extinguishment of the original indebtedness. In this respect the charge was erroneous. It is now well settled that the giving of a promissory note to meet an antecedent debt is not a pay-

ment or an extinguishment of the debt for which it is given, unless that is the express agreement of the parties. Without such an agreement, the original debt would *prima facie* continue to exist, and the promissory note given would be regarded merely as an evidence of indebtedness. The one who alleges that there was such an agreement, or that the note was accepted in satisfaction of the preëxisting debt, takes upon himself the burden of proving it. The defendants, having set up this defense, and alleged that the debt had been extinguished by the execution of the promissory note, must prove the allegation by a preponderance of the testimony. The theory upon which the case was submitted to the jury required the plaintiff to prove the non-existence of an agreement that the note was taken in discharge of the debt, while under the authorities such note is *prima facie* not a payment or discharge of such indebtedness. (*Kermeyer v. Newby,* 14 Kas. 164; *McCoy v. Hazlett,* 14 id. 430; *Shepard v. Allen,* 16 id. 182; *Medberry v. Soper,* 17 id. 369; *Mullins v. Brown,* 34 id. 312; *National Bank v. Newton,* 14 Pac. Rep. 432; 1 Am. & Eng. Encyc. of Law, 102, and cases cited.)

For the error above mentioned, the judgment must be reversed, and a new trial granted.

All the Justices concurring.