DANIEL BRADBURY v. CHARLES VAN PELT et al.
### No. 89.

1. REPLY *Unnecessary*. No reply is necessary when the answer filed amounts simply to a general denial of the allegations set up in the petition.

2. PROMISSORY NOTE—*Payment of Indebtedness*. The giving of his promissory note for a portion of an antecedent indebtedness of the maker will not be regarded as a payment or extinguishment of such indebtedness in the absence of an understanding to that effect by the parties to such transaction.

MEMORANDUM.—Error from Thomas district court; CHARLES W. SMITH, judge. Action by Charles Van Pelt and Jay Olney, partners as Van Pelt & Olney, against Daniel Bradbury to recover on promissory notes. Judgment for plaintiffs. Defendant brings the case to this court. Affirmed. The opinion herein, filed September 12, 1896, states the material facts.

*Joseph A. Gill*, for plaintiff in error.

*E. A. McMath*, for defendants in error.

The opinion of the court was delivered by

CLARK, J. : The defendants in error brought this action in the district court of Thomas county against the plaintiff in error to recover on three several promissory notes executed by Daniel Bradbury, and payable to the order of one M. T. Bradbury. The petition sets forth the notes separately and in full, duly alleging their execution by the defendant, their indorsement and transfer to the plaintiffs by the payee before maturity, and that the plaintiffs are the owners and holders thereof. The answer of the defendant contains a general denial which is supplemented by two other defenses separately stated as follows :

" First, Defendant admits that he made, executed and delivered each and every of the notes in plaintiff's petition mentioned, but denies that he did so for a valuable, or any consideration, or at all, except for accommodation, and to assist one M. T. Bradbury, to whose order said notes and each of them were made payable. Defendant alleges that, at the time of making and delivery of said notes and each of them mentioned in plaintiff's petition, said M. T. Bradbury, to whose order they were drawn payable, and for whose accommodation said notes were made, was indebted to the defendant for other and different loans of money, and other advances made by defendant for him, and at his instance and request, in the sum of, to wit, $380, which has never been returned or repaid by him or in any way satisfied up to this date. Second, Defendant, for a further defense to each of the three causes of action set forth in plaintiff's petition, denies that said promissory notes were transferred for value before maturity, or that plaintiffs took said notes for value, or otherwise than after maturity, and with notice of their infirmities."

To this answer no reply was filed. The plaintiffs recovered a judgment for the amount due on two of

the notes, and the defendant has brought the case to this court for review.

The plaintiff in error contends that he was entitled to judgment in his favor upon the pleadings for the want of a reply to the alleged new matter set up in the answer. While the defendant avers that the only consideration for the execution of the notes was the accommodation of M. T. Bradbury, his answer did not contain even the allegation that the plaintiffs had notice of that fact, and the second defense amounted to no more than a general denial of the allegations of the petition and required no reply. We think the court properly denied the defendant's motion for judgment upon the pleadings. The record shows that these notes were negotiable in form ; that they were indorsed in blank by M. T. Bradbury, the payee, and by him deposited with the Bank of Jennings as collateral security for a loan of money ; that soon thereafter, in pursuance of an agreement entered into between M. T. Bradbury and the defendants in error, the latter forwarded to the Bank of Jennings the amount owing by M. T. Bradbury to the said bank, and obtained from it these three notes, which they thereafter held as collateral security for the payment of the indebtedness which he owed to them, which, including the said $63, amounted to more than $850. One of these notes was past due at the time this transaction took place. Soon thereafter a payment of $25 was made by Daniel Bradbury to the defendants in error, and, as no directions were given with reference to the application of this payment, the amount thereof was properly indorsed on the note then past due. (*Fox v. Bank of Kansas City*, 30 Kan. 441.) The indebtedness from M. T. Bradbury to the defendants in error was thereafter reduced to about $450, and new

notes were executed by him for the amount remaining unpaid, and it was then agreed between him and the defendants in error that these collateral notes should continue to be held as security for the payment of such indebtedness.

There is nothing in the record to indicate that, at the time these collateral notes were turned over to Van Pelt & Olney, nor until a long time thereafter, the defendant in error had any knowledge or intimation that they were executed simply for the accommodation of the payee therein, or that they did not evidence an actual *bona fide* indebtedness from Daniel Bradbury. The trial court held that the plaintiffs were not entitled to recover the balance due upon the note which had matured prior to the date that the plaintiffs acquired an interest therein, but directed the jury to return a verdict in favor of the plaintiffs for the amount due upon the other two notes, the same being less than the amount of the indebtedness owing from M. T. Bradbury to the defendant in error. The plaintiff in error also contends that, as at the time of the execution of the notes for $450 by M. T. Bradbury and the making of the agreement with the defendants in error that the collateral notes should continue to be held as security for the payment of such indebtedness these collateral notes were all past due, the defendants in error thereafter held them subject to any defenses which might have been interposed by the maker in an action brought by the original payee to recover the amount due thereon. It must be borne in mind, however, that these notes were originally pledged to secure the payment of a certain indebtedness from M. T. Bradbury to the defendants in error, and while new notes were subsequently executed as evidence of a portion of that indebtedness, there is

nothing in the record to indicate that the parties to that transaction regarded the execution of such new notes as a payment or extinguishment of the original indebtedness, and without such an understanding on their part it should not be so construed by the courts. (*Bradley v. Harwi,* 43 Kan. 314.) As the plaintiffs were entitled to recover, the court very properly directed a verdict in their favor.

No error appearing in the record, the judgment will be affirmed.

All the Judges concurring.