Webb v. Bank.

E. T. WEBB *et al.* v. THE NATIONAL BANK OF THE
REPUBLIC *et al.*

No. 13,107.   (72 Pac. 520.)

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Payment of Preexisting Debt—Burden of
Proof.* The taking of a note of either the debtor or a third per-
son for a preexisting debt is not payment unless it is expressly
agreed to accept such note as payment. Whether it was so taken
is a question of fact, and the burden is on the party who asserts
it to establish the fact by proof.

Error from Montgomery district court; THOMAS J.
FLANNELLY, judge. Opinion filed May 9, 1903. Re-
versed.

*H. W. Currey, T. H. Stanford,* and *Elijah Robinson,*
for plaintiffs in error.

*J. B. Ziegler, Arthur F. Smith,* and *Frank Hagerman,*
for defendants in error.

The opinion of the court was delivered by

GREENE, J.: This was an action in replevin by E.
T. Webb and William A. Wilson, claiming as mort-
gagees, against the National Bank of the Republic
and Alexander Hurd, to recover possession of 780 year-
ling calves. At the conclusion of the evidence the
court instructed the jury to find for the defendants,
upon which finding judgment was accordingly ren-
dered.

It appears that on October 14, 1899, Frank Sigel
owned 2300 cows and 100 Hereford bulls branded
"*F.*" These cattle were on a ranch in Meade county,
Kansas. On that date Sigel caused an employee
named Grimes to execute two promissory notes, pay-
able to the Sigel-Sanders Live-stock Commission Com-

pany, a Kansas company, one for $61,800, due in one year, the other for $1800, due in six months, and a chattel mortgage on the above-described property and their increase securing these notes. These notes were indorsed by the Sigel-Sanders Live-stock Commission Company to E. T. Webb. The $1800 was paid when it became due. Among the increase of this stock in the spring and summer of 1900 were 780 calves, which were weaned and taken from their mothers on October 27, 1900. On October 13, 1900, Webb surrendered the Grimes note and the mortgage securing the same, and accepted in lieu thereof two notes executed by Frank Sigel to the Sigel-Sanders Live-stock Commission Company, a Missouri company, which indorsed it to him. One was for $40,000 and the other for $21,800, each due one year after date. The $40,000 note was secured by a mortgage made by Frank Sigel on 1610 cows, four to eight years old, 59 Hereford bulls, and 830 one-year-old steers and heifers, all branded "*F*" on the left side, together with the increase of such cattle. The $21,800 note was secured by other property. Both mortgages described the cattle as being on the Blake-Shattuck ranch, in Meade county, Kansas.

On November 4, 1900, Frank Sigel disposed of the 780 calves to Hurd, and shipped them from Meade county to Hurd's farm, in Montgomery county, Kansas, in the name of, and to, the Sigel-Sanders Live-stock Commission Company, and on or about the 5th of November Hurd executed a note to the Sigel-Sanders Live-stock Commission Company, the Missouri company, and mortgaged these cattle to secure the same. This note was indorsed by the Missouri company to the National Bank of the Republic, one of the defend-

ants in error.   William A. Wilson became a part owner of the Sigel note by purchase from Webb.

Among other contentions the plaintiffs claimed under the Grimes mortgage.   The defense was that the taking of the two notes by Frank Sigel for the indebtedness of Grimes, one of which was secured by a mortgage on a part of the cattle included in the Grimes mortgage and the other on other property, both of which were payable to a person other than the payee of the Grimes note, and by said other person indorsed to Webb and accepted by him in lieu of the Grimes note, and the surrender of the Grimes note and mortgage by Webb, were, as matter of law, a payment of the Grimes debt and a satisfaction of the mortgage.  The plaintiffs contended that whether such transaction constituted a payment of the Grimes debt and a satisfaction of his mortgage was a question of fact, and should have been submitted to the jury for its determination.   The court below accepted the theory of the defendants upon this question and instructed the jury to find for the defendants.   This presents the vital question in this case and, with the view we hold, the only one that is necessary to be decided at this time.

We are of the opinion that the court erred in instructing the jury to find for the defendants.   It is the settled law of this state, contrary to that of a few other states, that the taking of a new note for one that has matured, or the acceptance of a check or draft for an existing liability, is not even *prima facie* payment thereof.   The question is one of fact, depending upon the intention and agreement of the parties to the transaction, and the burden of proof is upon the one asserting it. (*Kermeyer v. Newby*, 14 Kan. 164; *Shepard v. Allen*, 16 id. 182; *Medberry v. Soper*,

17 id. 369; *McCoy v. Hazlett*, 14 id. 430; *Mullins v. Brown*, 32 id. 312; *Mordis v. Kennedy*, 23 id. 408, 3 Am. Rep. 169; *Bradley v. Harwi*, 43 id. 314, 23 Pac. 566; *Capital Co. v. Merriam*, 60 id. 397, 56 Pac. 757.)   The remaining question is, Did the acceptance of the Sigel notes, indorsed by a company other than the indorser of the Grimes note, secured by a mortgage on a part of the property included in the Grimes mortgage, and the surrender of the Grimes note and mortgage, operate, as a matter of law, as a payment of the Grimes note and a satisfaction of that mortgage?   If not, the court should have submitted this question to the jury.   This, like the other question, is one of fact and not of law, and can only be determined by ascertaining what the intention and agreement of the parties were at the time of the transaction.   It was said in *Wylly and others v. Collins & Co.*, 9 Ga. 223, 240:

"Indeed, the general rule is now well settled, that a note, bill, acceptance, or promissory note, either of the debtor or of a third person, is no payment or extinguishment of the original demand, unless it is expressly agreed to receive it as payment."

It was held in *First Nat. B'k of Pueblo v. Newton*, 10 Colo. 161, 14 Pac. 428, that a note given by Todd & Fairchild, partners, for an indebtedness due from them and one Newton to the bank, which was afterward renewed by a note, signed by the firm of Todd & Fairchild and G. J. Piper, and the old note, surrendered and marked paid, was not a payment of the debt of Todd & Fairchild and Newton.   On page 171, the court said:   "The giving of the debtor's own note, bill, or check, or the note, bill or check of a third person, to meet an antecedent indebtedness, is *prima facie* not a payment or discharge of such indebtedness."

In *Tobey v. Barber*, 5 Johns. 68, 72, 4 Am. Dec. 326, it was held :

" It is a rule well settled and repeatedly recognized in this court that taking a note, either of the debtor or of a third person, for a preexisting debt, is no payment, unless it be expressly agreed to take the note as payment, and to run the risk of its being paid ; or unless the creditor parts with the note, or is guilty of laches in not presenting it for payment in due time."

The law recognizes nothing as payment except the payment of money, and, where it is claimed that an existing indebtedness has been otherwise paid, the party making such claim must establish such alleged payment by proof.

There is some contention by defendants in error that the mortgage executed by Grimes was not renewed within one year after it was filed in the office of the register of deeds of Meade county, nor was a renewal affidavit filed therein prior to the time Hurd became possessed of the cattle, and therefore the Grimes mortgage was void as to subsequent purchasers and mortgagees in good faith. The weakness of this contention as applied to defendant's case is the fact that there is no evidence sustaining the claim that Hurd purchased the cattle. The plaintiffs undertook to show that he did not purchase them, but the evidence was excluded.

For the reasons assigned, the judgment of the court below is reversed and the cause remanded.

All the Justices concurring.