No. 20,035.

M. D. GONDER, *Appellant*, v. J. F. DODGE et al., *Appellees.*

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Payment of Preëxisting Debt—Burden of Proof.* *Prima facie* a promissory note is not a payment or discharge of the original indebtedness and the burden rests upon the person who claims that it was given and accepted as such.

2. PETITION—*Two Counts—Only One Count Tried—New Trial as to the Other.* A petition contained two counts, one for the recovery of a real-estate agent's commission, and one upon a promissory note the consideration of which was the same indebtedness. The answer was a general denial and a plea that the note was materially altered subsequent to its delivery. The issue as to the alteration of the note was the only one submitted to the jury, and there was a verdict for the defendants. *Held*, that the proceedings do not show an intention to waive the right to recover on the first count and that plaintiff is entitled to a trial on that cause of action.

Appeal from Gray district court; GORDON L. FINLEY, judge. Opinion filed March 11, 1916. Reversed.

*C. M. Williams*, and *D. C. Martindell*, both of Hutchinson, for the appellant.

*George W. Finney*, and *Roscoe E. Peterson*, both of Larned, for the appellees.

The opinion of the court was delivered by

PORTER, J.: Appellant, who is a real-estate agent, sued to recover for services in procuring an exchange of properties. The petition contained two counts. The first alleged the performance of the services upon a written contract fixing the amount of the commission, and a copy of this contract and copies of other written acknowledgments of the amount due were attached as exhibits. The second count was on a promissory note given by Dodge and wife to the plaintiff for $440 in part payment of the same indebtedness. The answer, in addition to a general denial, alleged a material alteration in the note subsequent to its execution; that when executed and delivered it contained no provision for the payment of interest, and subsequently the plaintiff had altered it by inserting an obligation that it should bear ten per cent interest per annum.

The court ruled that the defense had the burden of proof, and counsel for appellees made a statement of their case to the jury, in which it was said, in substance, that there was no dispute over any of the facts except in respect to the claim that the note had been materially altered. Counsel for appellant in his opening statement proceeded upon the theory that appellees all the while recognized their indebtedness to the appellant, and stated to the jury that there would be no contention on the part of appellees that they did not owe appellant $640. This statement was not challenged. The court asked counsel for both parties if there was any controversy over anything more than the matter of the note, and stated that there seemed to be more to the petition than had been referred to in the opening statements. Appellant's counsel replied that there would be no other cause of action.

Appellees' evidence tended to show that there had been a subsequent alteration of the note by inserting the figures "10" in the blank space provided for the rate of interest. Appellant's evidence was directly to the contrary. The jury found that the note had been altered as appellees claimed, and returned a verdict in their favor. Appellant moved for judgment on the first count upon the undisputed facts and because the verdict was based solely upon the second count. This motion and the motion for a new trial were overruled, and judgment was rendered in favor of appellees for costs.

It is urged by appellees that appellant abandoned his first cause of action, and by the statement of his counsel in answer to the court's inquiry as to what was involved in the case is estopped to claim the right to recover on that part of his petition. We think otherwise. There was another claim or cause of action alleged in the petition against Chas. O. Johnson, with whom the trade was made, and appellant sought to recover judgment against him, alleging that Johnson had agreed to deposit part of the purchase money in a certain bank, and that appellees had given appellant a written order on the bank to pay his commission out of these proceeds; that Johnson had wrongfully violated his agreement and was liable to appellant for the loss of his commission. This cause of action was abandoned at the trial.

The record does not bear out the claim that appellant in-

tended to abandon his claim to recover upon the first cause of action. He was vigorously denying the charge that he had altered the note, and doubtless preferred to have a verdict in his favor on the cause of action resting upon the note. There was a general denial in the answer, but it was conceded at the trial that the appellant rendered the services to appellees and there was no dispute as to the amount of his commission nor claim that it had been paid. It is suggested that there was an amended answer on file which alleged that the note was given in full payment of the original indebtedness. But after statements amounting to an admission of the original indebtedness, appellees offered no evidence of any agreement that the note was to extinguish the debt, and their attitude and statements left the court and counsel for the appellant in a situation where it might fairly be assumed that such defense was not intended to be relied upon. The presumption is that the note was not given with the understanding that it would extinguish the debt. The burden was on appellees to prove an express agreement to that effect. (*Mentzer v. Burlingame,* 78 Kan. 219, 220, 97 Pac. 371.) *Prima facie* the note is not a payment or discharge of the original indebtedness. (*Bradley v. Harwi,* 43 Kan. 314, 316, 23 Pac. 566; *Webb v. Bank,* 67 Kan. 62, 72 Pac. 520.) In the last case cited the syllabus reads:

"The taking of a note of either the debtor or a third person for a preexisting debt is not payment unless it is expressly agreed to accept such note as payment. Whether it was so taken is a question of fact, and the burden is on the party who asserts it to establish the fact by proof."

In the case at bar there was no allegation that the alteration was fraudulently made, and there was a sharp conflict in the testimony as to whether it was made at all. That issue has been decided against appellant, but he is entitled to recover the consideration for which the note was given unless the appellees are able to sustain the further defense that by agreement of both parties the note was intended to extinguish the debt. All other issues have been determined. The court might have rendered judgment in appellant's favor on the undisputed facts, or if satisfied that appellees were entitled under the circumstances to try the other issue, a new trial should have been granted.

The judgment will be reversed and a new trial ordered upon that single issue.