No. 20,628.

THE NIOTAZE STATE BANK, ˙Appellee, v. W. O. COOPER and
LOU COOPER, Appellants.

SYLLABUS BY˙ THE COURT.

1. PROMISSORY   NOTE—*Renewal—Extension—Party   Primarily   Liable
Not Released.*  Rule applied that one of the makers of a negotiable
instrument, being a party primarily liable, is not released from lia-
bility by an extension of the time of payment without his assent,
although his relation to a co-maker be that of surety.

2. SAME—*Renewal Note—When Not a Payment.*  Rule applied· that re-
newal notes do not pay the note renewed, without an express agree-
ment to that effect.-

3. SAME — *Evidence—Shows   Renewal—Not   Payment.*  The evidence
considered and held to show renewals only, and not payment.

Appeal from Chautauqua district court; ALLISON T. AYRES, ·
judge.  Opinion filed February 10, 1917.  Affirmed.

*J. W. Mertz,* of ·Sedan, for the appellants.
*W. H. Sproul,* of Sedan, for the appellee.

The opinion of the court was delivered by

BURCH, J.:  The action was one of replevin, brought by a
chattel mortgagee, to obtain possession of· property covered
by the mortgage.  The plaintiff prevailed and the defendants.
appeal.

· The defense of W. O. Cooper was that the note secured by ·
the chattel mortgage had been paid.  The defenses of Lou
Cooper were, first, that the debt secured by mortgage had been`
paid, and second, that she was the owner of the property,
that she signed the note secured by the mortgage and the
mortgage as surety for her husband, W. O. Cooper, and that .
she and her property had been discharged by extensions of
the note granted her husband without her assent.  The bur-
den of proof rested on the defendants.  At the conclusion of
their evidence the plaintiff demurred to it.  The court over-
ruled the demurrer, and directed the plaintiff to introduce its
evidence, but·stated that the plaintiff would then be heard on

the demurrer.  At the conclusion of the evidence the court instructed the jury as follows:

"3.  Under the provisions of said chattel mortgage which provides that it is understood and agreed that this mortgage shall cover any renewals of this debt in whole or in part, the court is of the opinion that there is only one issue in this case for the jury to determine and that is whether or not the original debt secured by the mortgage and under which possession is sought to be taken by the plaintiff in this case of the property therein described has been actually paid by the defendants to the plaintiff and upon this the burden of proof is upon the defendants and before they can defeat the action of the plaintiff for the possession of this property they must prove by a preponderance of the evidence that this indebtedness has been paid.

"4.  And in this case you are instructed that before you can find that the giving of renewal notes by the defendant Cooper to the bank is and constitutes a payment, you must find from all of the facts and circumstances surrounding this case that it was the intention of the parties and agreed by them that the intention of these subsequent notes or some one of them was to and did operate as a payment of the original debt."

A verdict was returned for the defendants.  Afterwards the court set aside the verdict and sustained the demurrer to the evidence.

The provision of the chattel mortgage referred to in the third instruction reads as follows: "It is understood and agreed that this mortgage shall cover any renewals of this debt in whole or in part." It is not necessary to determine the effect of this provision of the mortgage on the rights of the parties. Without such a provision a mortgage ordinarily continues to secure an unpaid debt, although renewal notes may have been given.  (*Cooper v. Condon*, 15 Kan. 572, 578; *Capital Co. v. Merriam*, 60 Kan. 397, 402, 56 Pac. 757.)  However this may be, Lou Cooper signed the note as one of the makers.  Under the provisions of section 3 of the negotiable instruments act (Gen. Stat. 1915, § 6523), she was a party primarily liable. Under the provisions of sections 126 and 127 of the negotiable instruments act (Gen. Stat. 1915, §§ 6647, 6648), only parties secondarily liable are discharged by renewal without their assent.  (*Bank v. Bowdon*, 98 Kan. 140, 157 Pac. 429.)  Therefore the court was correct in holding that the only material issue was payment.

The fourth instruction was correct in stating that an agreement that the subsequent notes or some of them should oper-

ate as payment was necessary.   Fresh evidence of a debt does not pay the debt.

"The giving of a promissory note for an antecedent debt is *prima facie* not a payment or extinguishment of the debt, and will not be so regarded unless that is the express agreement of the parties; and where a party alleges as a defense that the note was accepted as payment, the burden of proof rests upon him to show that such was the purpose and the agreement of the parties." (*Bradley v. Harwi*, 43 Kan. 314, syl., 23 Pac. 566.)

"The general rule is that a promissory note made by the debtor does not discharge a preëxisting debt for which it is given, unless it be the express agreement of the parties." (*Capital Co. v. Merriam*, 60 Kan. 397, syl. ¶ 3, 56 Pac. 757.)

"The taking of a note of either the debtor or a third person for a preëxisting debt is not payment unless it is expressly agreed to accept such note as payment.   Whether it was so taken is a question of fact, and the burden is on the party who asserts it to establish the fact by proof." (*Webb v. Bank*, 67 Kan. 62, syl., 72 Pac. 520.)

The defendant W. O. Cooper testified as follows:

"Q. Have you ever paid the bank this $160 that you originally borrowed from it in 1912?   A. Not only by renewing it and merged it into other notes.

"Q. The bank never has received from you any money in satisfaction of that debt?   A. Well, I do not know any more than the interest and like that, no.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"Q. And you tell the jury that you never have paid the original debt except as a renewal of the note was a payment?   A. Yes, sir."

The court has carefully examined the abstract, and this testimony correctly reflects just what took place—a number of renewals, but no agreement or understanding of any kind that the renewals in fact paid anything.

The judgment of the district court is affirmed.