No. 24,393.

THE OWL HARDWARE COMPANY, *Appellant,* v. KATHERINE SCHOON-
MAKER, *Appellee.*

SYLLABUS BY THE COURT.

ACTION ON ACCOUNT—*Goods Sold and Delivered—No Error in Record.* Vari-
ous assignments of error in an action on an account for goods sold and
delivered are held not to be well founded.

Appeal from Jackson district court; MARTIN A. BENDER, judge. Opinion
filed December 8, 1923. Affirmed.

*E. R. Sloan,* of Holton, for the appellant.

*A. E. Crane,* of Topeka, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.:   The action was one on an account for merchan-
dise sold and delivered. Defendant prevailed, and plaintiff appeals.

The plaintiff is engaged in the hardware business in Holton,
Kansas. The defendant owns a farm near Holton, which has, for
a number of years, been operated by Ed. McGrath, a tenant. Mc-
Grath has had an account with the plaintiff since 1914. The defend-
ant has had no account. In 1919 some barbed wire and other fencing
material, also other things of a more or less permanent nature, were
purchased for the farm. The defendant and McGrath were present
when the wire was purchased.

Complaint is made that the verdict was not supported by the
evidence. There was a conflict in the testimony as to whether the
defendant agreed to pay for the wire and other materials used on
the farm. All were charged to McGrath's account. In June, 1919,
the plaintiff took McGrath's note for $464.54, the balance then due
on the account. There was nothing to show that the defendant was
asked to sign or guarantee the note or that the defendant had any
knowledge of the giving of the note until long afterwards. There
was testimony showing that the defendant did not authorize Mc-
Grath to make purchases on her account; that none of the articles
purchased were ever charged to the defendant; and that McGrath's
account was sent to her long after the items were purchased, after
the execution of the note by McGrath to the plaintiff, and after
plaintiff discovered that McGrath was in a failing financial con-
dition.

One of the partners of the plaintiff testified:

"Q. This account sued for was charged to Ed. McGrath?  A.  Yes, sir.

"Q. Did you have any account on the books against Mrs. Schoonmaker? A. No  .  .  .  It was all charged to Ed. McGrath.

"Q. It was all charged to Ed. and the account began in 1914?  A.  Yes.

"Q. I notice here notation, 'Closed up and settled by note, July 2, 1919.' A. That was.

"Q. That is what the store did, he took the goods out and they charged it to him and then you took his note for all but a small part of it?  A.  Yes.

"Q. You paid no attention to her about it?  A.  No.

"Q. You never mentioned it to her about until you heard Ed. was failing financially?  A.  No.

"Q. All these items were bought by Ed. and charged to him, were they not? A.  Yes."

Another partner of plaintiff testified:

"Q. When you came to make the charge Ed. told you to charge it to him? A.  Yes.      .

"Q. And you did so?  A.  Yes.

"Q. It shows this account was settled by note, $460.54.  A.  Yes."

Complaint is made that the court misdirected the jury. We have examined the instructions and are convinced that they fairly presented all the material facts to the jury. A number of cases are cited by the plaintiff (*Kermeyer v. Newby,* 14 Kan. 164; *Medberry v. Soper* 17 Kan. 369; *Bradley v. Harwi,* 43 Kan. 314; 23 Pac. 566; *Webb v. Bank,* 67 Kan. 62, 72 Pac. 520; *Gonder v. Dodge,* 97 Kan. 562, 155 Pac. 937) sustaining the doctrine that the acceptance of a note by the creditor of one of several joint debtors does not have the effect of discharging the other debtors without an agreement to receive it in payment or satisfaction. These authorities are not controlling here for the reason that there was testimony to support a finding that there was no joint account and that the note at the time it was taken was a settlement of the account. The jury, on sufficient instructions, decided that issue in favor of the defendant. We discern no error that would warrant a reversal.

The judgment is affirmed.