No. 27,255.

THE BADGER LUMBER & COAL COMPANY, *Appellee*, v. BROWN & GRUBE, a Partnership Consisting of R. E. Brown and E. E. Grube, and the NATIONAL SURETY COMPANY, *Appellants.*

(259 Pac. 786.)

SYLLABUS BY THE COURT.

1. PLEADING—*Amendment*—*Departure.* In an action to recover for lumber and materials furnished in the construction of a building, the proceedings considered and *held,* (*a*) the allegations of an amended petition were not a departure in law or fact from the allegations of the original petition, (*b*) it was not error to overrule a motion to strike an amended petition and a second amended petition from the files as being a departure, (*c*) the execution of a note for an existing indebtedness is not a payment or discharge of the indebtedness unless it is made so by the agreement of the parties.

2. SAME—*Generally.* Various alleged errors considered and held not to be of substantial merit.

Appeal from Wyandotte district court, division No. 4; CHARLES A. MILLER, judge.   Opinion filed October 8, 1927.   Affirmed.

*J. H. Brady* and *T. F. Railsback,* both of Kansas City, for appellant E. E. Grube; *E. S. McAnany, M. L. Alden* and *Thomas M. Van Cleave,* all of Kansas City, for appellant the National Surety Company.

*J. O. Emerson, David J. Smith* and *C. D. Sharp,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover for lumber and materials furnished in the construction of an addition to the Argentine high school.   Plaintiff prevailed and defendants appeal.

The facts are substantially these:

The defendants, Brown and Grube, entered into a contract with the board of education of Kansas City, Kan., November 13, 1922, to erect an addition to the Argentine high school.   On February 9,

---

Payment, 30 Cyc. pp. 1194 n. 28, 1196 n. 32.   Pleading, 31 Cyc. pp. 407 n. 71, 617 n. 49; 21 R. C. L. 583.

following, Brown and Grube entered into a verbal contract with the plaintiff whereby the latter was to furnish certain lumber and building material for the project. The material was delivered under the contract over a period of time from February 9, 1923, to January 8 following. Shortly after the contract had been awarded by the board of education to Brown and Grube, the latter procured the defendant, the National Surety Company, to execute certain bonds, one in the sum of $104,664.59, conditioned upon the performance of all stipulations and agreements on the part of Brown and Grube in their contract with the board of education; another in the same amount guaranteeing full performance of the work done and payment of all indebtedness incurred for labor and building material; and the third in the sum of $5,000, guaranteeing prompt payment of all indebtedness incurred for material or labor furnished in the prosecution of the work. On completion of the building, there remained a balance due plaintiff of about $5,000, for the recovery of which this action was later filed. The case was tried to the court, who made findings of fact, reciting among other things "that the defendants Brown and Grube gave the plaintiff on March 10, 1924, a note for $5,108.70, payable one day after date on demand, such note being accepted by the plaintiff and given by the defendants ·Brown and Grube as further security for the balance of the said account and not as payment, satisfaction, or discharge thereof; that such note was never paid except $1,000 paid thereon June 23, 1924; that there was no agreement between the plaintiff and the defendants Brown and Grube, or either of them, that such note should be in discharge or satisfaction of the said account; and that the plaintiff had never disposed of the said note; that the time of payment of such note was never extended by the plaintiff, and that none of the defendants have paid the plaintiff's said account or said note or performed the conditions of the bonds mentioned in the second amended petition. Demand was made on the defendants Brown and Grube for the payment of the said note of March 10, 1924, before this action was brought and after such note was executed and demand was made on the defendant, the National Surety Company, after said note was given and before this suit was brought for the payment of the plaintiff's claim sued on in its second amended petition; that on July 21, 1924, the defendant Grube and his wife executed a deed to the plaintiff purporting to convey to the plaintiff

land in Tulsa county, Oklahoma, as further security for the said note, with the agreement that such deed should not release the bonds sued on herein and that suit should at once be brought by the plaintiff on such bonds; and that the plaintiff has never disposed of said land; that there is not sufficient evidence from which the court can find the value of the real estate mentioned in the said deed of July 21, 1924, or from which the court can find the condition of the title thereof; that the Argentine high school addition and remodeling was completed within six months before this suit was filed, to wit, about March 7, 1924."

Various errors are alleged as grounds for reversal of the judgment. All together, three petitions were filed. At the time of the trial, defendants moved to strike the first and second amended petitions from the files on the ground that they were departures. It is argued that the action was first brought solely on open account; that the defendants, Brown and Grube, filed an answer pleading payment and discharge; that plaintiff then filed its first amended petition, amplifying the original as to the contract for building the schoolhouse, but still maintaining an indebtedness upon open account. To this amended petition Brown and Grube again filed an answer pleading payment and discharge. Thereupon the plaintiff filed a second amended petition which marked its first complete departure from its original cause of action in three counts, first, upon the faithful performance bond executed at the time of the original contract; a second count upon the original bond against mechanic's liens, and a third count upon a subsequent bond against liens for $5,000; that in the second amended petition, the demand for payment upon account was abandoned and the liability predicated wholly upon the three bonds. It is not necessary to make a detailed analysis of the three petitions. It appears clearly that the transaction which plaintiff called on the court to investigate was the same in all three petitions; one relating to bonds for the payment of materials, and a failure on the part of the defendants to pay for those materials. All the petitions set forth bonds signed by all the defendants, so all were affected by the cause of action on the bonds. The first amended petition contained practically the same allegations as the original petition except that it added allegations with respect to the $5,000 bond last given. There were amendments made in each

of the subsequent petitions filed, but they did not substantially change the cause of action. The amendments were rather amplifications of the facts first alleged. (See *Smith v. Kimball,* 36 Kan. 474, 13 Pac. 801; *Walker v. Fleming,* 37 Kan. 171, 14 Pac. 470, *Hardy v. La Dow,* 72 Kan. 174, 83 Pac. 401; *Snider v. Windsor,* 77 Kan. 67, 93 Pac. 600; *Wilbur v. Ronnau,* 82 Kan. 171, 107 Pac. 772.) No error was committed by the court in overruling the motion to strike.

It is contended that execution of the note by the defendants was a discharge of the account. The plaintiff contends that there was no agreement that the note was in discharge or satisfaction of the account, and the court specifically found from the evidence that the note was not given as satisfaction and discharge but merely as further security. The rule is well established that the giving of a note for an existing indebtedness is not a payment or discharge of the indebtedness unless it is made so by the agreement of the parties. (See *Bradley v. Harwi,* 43 Kan. 314, 23 Pac. 566; *Capital Co. v. Merriam,* 60 Kan. 397, 56 Pac. 757; *Webb v. Bank,* 67 Kan. 62, 72 Pac. 520; *Bank v. Cooper,* 99 Kan. 731, 162 Pac. 1169.)

Various other objections to the judgment are urged, all of which we have given careful consideration. We discover no error which would warrant a reversal.

The judgment is affirmed.