JOHN H. CRADDOCK v. WILLIAM M. DWIGHT AND ALFRED A. DWIGHT.

*Log-lien law—Payment—Acceptances—Settlements.*

1. Act No. 229, Laws of 1887, known as the log-lien law, is constitutional.

2. The question whether notes or acceptances received on a contract for the manufacture of shingles were taken as payment and discharged the lien of the contractor is held to be a question for the jury, whose finding is conclusive.

3. A contractor was paid for manufacturing shingles up to a certain date, after which he received acceptances or notes for balances due, which were not paid. He thereupon sought to enforce his statutory lien upon the shingles of both kinds, which had been mingled, and sales and shipments made from the common mass, oftentimes those last manufactured being the first shipped. And it is held that, under these circum-

stances, it would not be a reasonable construction of the stat-
ute to hold that the lien attached only to the shingles for the
manufacture of which payment had not been made.

4. Settlements were made with a contractor for the manufacture
of shingles upon his rendering semi-monthly statements of the
amount due, by notes or acceptances, for which he receipted
as received on account. In a suit to, enforce his statutory lien
upon the shingles, the acceptances not having been paid, the
defendant claimed that .the thirty days within which the con-
tractor was required to file his statement of lien after the com-
pletion or last day of labor or services commenced to run from
the rendition of each of said statements, and that plaintiff's
lien was confined to the last statement so rendered; which con-
struction is rejected.

Error to Wayne. (Hosmer, J.) Argued April 14, 1891.
Decided May 8, 1891.

Proceedings under log-lien law of 1887. Defendants
bring error. Affirmed. The facts are stated in the
opinion. .

*Bowen, Douglas & Whiting*, for appellants, contended:

1. Though it is a well-established rule that the taking of accept-
ances or notes does not operate as payment of a debt unless so
agreed by the parties *(Boom Co. v. Sanborn*, 36 Mich. 358;
*Breitung v. Lindauer*, 37 Id. 217), yet such acceptances or
notes should be regarded as payment whenever it appears that
such was the intention of the parties; and that such was their
understanding may be shown by their subsequent acts and con-
duct as well as by direct proof of the express agreement; citing
*Sage v. Walker*, 12 Mich. 425; *Brown v. Dunckel*, 46 Id. 32;
*Iron Works v. Hall*, 64 Id. 165.

2. The court erred in rendering a judgment for a lien for $3,467.94
upon 1,500,000 XXX shingles, because—

    *a*—The jury do not find that this sum is due for labor and
services performed upon the products described in the declara-
tion, and is a lien upon the same, as required by section 12 of
the act *(Demars v. Conrad*, 73 Mich. 151), but find that the
labor and services were performed upon a certain portion of
such products, and do not find that the sum due for the same
was a lien upon the property.

    *b*—The contract under which these services were performed

was entered into before the act of 1887 was passed. By its terms it was to run from January 1, 1887, to January 1, 1888, at which time it was extended by mutual consent. It was under this that all this work was done; citing *Bourgette v. Williams*, 73 Mich. 208.

*Conely, Maybury & Lucking,* for plaintiff, contended for the doctrine of the opinion.

GRANT, J. This suit was brought to enforce a lien under Act No. 229, Laws of 1887.

Plaintiff entered into a written contract with defendants running from January 1, 1887, to January 1, 1888, by which he agreed to manufacture shingles for the defendants from their lumber at $1 per M. for 14 inch, $1.10 per M. for 16 and 18 inch, $0.40 per M. for culls, $0.35 per M. additional for fancy butts, and $0.20 per M. for diamond, octagon, and other similar shapes. At the expiration of the year there was a verbal renewal of the contract. He filed his statement of lien March 6, 1889, stating that the last day's work and labor was done February 26, 1889, and that the amount due was $3,419.33. April 4 he sued out a writ of attachment, which commanded the sheriff to "seize all the XXX and XX shingles then in the yard of W. M. Dwight & Co., or so much thereof as should be necessary to satisfy," etc. The sheriff seized 8,000 bundles of shingles, more or less. Defendants gave bond under the statute, and the shingles were released. Plaintiff ceased work for defendants February 26. He had delivered to them all the shingles manfactured prior to February 21. He had in his possession those manufactured between February 21 and February 26 at the time he filed his statement of lien. Defendants paid plaintiff the amount due for manufacturing them. Plaintiff had also been paid for all that was due him to October 8, 1888. About 3,000,000 were

seized by the sheriff. Of these 2,000,000 had been man-
ufactured after October 8, 1888, and the other 1,000,000
prior to that date. At first defendants paid cash for the
work done, but from and after January 20, 1887, they
requested plaintiff to accept their notes or acceptances.
Plaintiff acceded to this, and afterwards plaintiff pre-
sented his semi-monthly statements of the amount due,
and received notes or acceptances, giving receipt in the
following language:   · Received ———— months' accept-
ance for $————, on account." · Between October and
February 21 he received seven acceptances, four of which
he discounted, but none of which were paid by defend-
ants.

The jury found a verdict in favor of plaintiff for
$3,467.94; that the same was—

"Due for labor and services performed upon a portion
of the products described in the declaration, to wit, one
million and a half XXX shingles, one-half million XX
shingles, and also certain other shingles delivered said
defendants, but not seized under the attachment issued
in this cause; subject, however, to the opinion of the
court as to whether there can be a greater lien than
the sum of $1.00 per M. on the above-mentioned
shingles."

In reply to a special question, the jury found that they
were able to state the quantity of XXX shingles and XX
shingles in Dwight & Co.'s yard on March 6, 1889, on
which plaintiff performed labor and services between
October 8, 1888, and February 21, 1889.

1. It is first insisted that this act is unconstitutional.
This precise question was raised and decided in *Shaw v.
Bradley*, 59 Mich. 199, and *Reilly v. Stephenson*, 62 Id.
589. Its constitutionality was settled by those decisions,
which have been recognized by many subsequent decisions

of this Court, involving the various provisions of the act.[1]

2. It is next insisted that the court should have instructed the jury that the notes or acceptances were received by plaintiff as payment, and discharged the lien. This became a question of fact for the determination of the jury, and was not a question of law for the court. The court properly and explicitly instructed the jury that, if they found that these notes or acceptances were received in payment, the lien was discharged, and their verdict should be for the defendants. The jury found that they were not taken as payment, and their finding is conclusive.

3. Defendants insist that plaintiff has no lien upon any of the shingles manufactured before October 8, 1888, and that, therefore, under the finding of the jury, his lien must be limited to $2,000 for the work and labor performed upon the 2,000,000 shingles found by the jury to have been manufactured after October 8, and to have been taken under the writ. If the work and labor performed prior to October 8 had been done under a separate contract, or if, by express act and agreement of the parties, the shingles theretofore manufactured had been set apart, and kept separate and distinct from those subsequently manufactured, showing an intention to declare the contract completed as to them, their position would clearly be correct. But the contract was treated as a continuing one. As fast as shingles were afterwards manufactured they were mingled with those previously manufactured, and when the defendants sold and shipped

[1] See *Noyes v. Hillier*, 65 Mich. 636; *Pack, Woods & Co. v. Circuit Judge*, 70 Id. 135; *Goodrow v. Buckley*, Id. 513; *Demars v. Conrad*, 73 Id. 151; *Bourgette v. Williams*, Id. 208; *Streeter v. McMillan*, 74 Id. 123; *Appleman v. Myre*, Id. 359; *Kieldsen v. Wilson*, 77 Id. 45 (partially overruled by *Phillips v. Freyer*, 80 Id. 254); *Grand Rapids Chair Co. v. Runnels*, Id. 104; *Huntoon v. O'Brien*, 79 Id. 227; *Phillips v. Freyer*, 80 Id. 254.

shingles they filled cars with those that were most convenient. Oftentimes the last manufactured were the first shipped. Under these circumstances, it would certainly not be giving this statute a reasonable construction to hold that the lien applied only to those that were manufactured after payments had been made. Such a construction would in many cases defeat the very object of the statute.

4. The statute requires that—

"The statement of lien shall be filed within thirty days after the completion or last day of such labor or services."

Defendants insist that this 30 days commenced to run from the time each statement of the amount due was rendered, and that, therefore, plaintiff has no lien except on the last statement rendered, which showed the amount due for the two weeks previous to be $431.56. Their counsel say:

"It was as if every two weeks he [the plaintiff] had made a new contract with Dwight & Co. to cut their shingles for the next two weeks, and, receiving settlement for the work done under one contract, he would begin on another."

We do not think that this is a proper construction of the rendering of statements showing the amount of work done and the amount due. These were not separate contracts, but the method adopted by the parties in doing their business under one and the same contract.

Judgment affirmed, with costs.

The other Justices concurred.