JAMES T. BOND AND JOHN W. CLANCY v. CORNELIUS W. McMAHON.

*Promise to pay the debt of another—Evidence—Acceptance of order—Payment—Bill of exceptions—Instructions.*

1. Where, in a suit upon the alleged promise of the defendant to pay the plaintiffs a debt due them from a third party, it appears that an order was given to the plaintiffs by the defendant upon a fourth party, at the time the promise was made, for the amount of the debt, the order is admissible as a part of the *res gestæ*.

2. The question whether the order was received in payment of the debt is one of fact for the jury.

3. Where the record fails to show that the bill of exceptions contains all of the evidence, the Court are bound to presume that there was sufficient evidence to justify the instructions given by the trial court; citing *People v. McKinney*, 10 Mich. 54; *Cook v. Hopper*, 23 Id. 511; *Greenlee v. Lowing*, 35 Id. 63.

Error to Gogebic.    (Daboll, J., presiding.)    Argued January 20, 1893.    Decided February 3, 1893.

*Assumpsit.*    Defendant brings error.    Affirmed.    The facts are stated in the opinion.

*M. H. Crocker,* for appellant.

*Charles E. Miller,* for plaintiffs.

MONTGOMERY, J.    The plaintiffs recovered a judgment

on a declaration alleging a promise on the part of defendant to pay plaintiffs a debt owing to them by one Toohey. Defendant brings error.

1. The declaration averred a promise by defendant in consideration of the release of Toohey by plaintiffs. Defendant's testimony tended to show that on the occasion when the alleged promise of defendant, and the simultaneous release of Toohey, occurred, defendant gave to plaintiffs an order on the Northwestern Water & Gas Supply Company covering the amount, upon which order only a portion was paid, leaving a balance unpaid, for which defendant was still claimed to be liable. Objection was made to the introduction of this order in evidence. We think it was admissible as a part of the *res gestæ*. It did not, it is true, tend to prove a promise to pay anything other than through the water-works company, unless supplemented by oral testimony; but the giving of the order was a part of the very transaction, which would not be understood without its introduction.

2. The claim of defendant was that there was no promise on his part to pay Toohey's debt; that the order in question was given for Toohey's accommodation, and was accepted as payment. The circuit judge properly left the question as to whether the order was received in payment as a question of fact to the jury.

3. The principal grounds relied on for a reversal relate to the charge of the court. The force of the objections depends upon the correctness of the contention made by the defendant's counsel, that there was no evidence in the case which justified the submission to the jury of the two questions which appear to have been left to them, namely, whether Toohey was released from his indebtedness upon the promise by defendant to pay the debt, and whether a receipt given by plaintiffs to the defendant after the date of this transaction was given by mistake or obtained by

fraud. No question appears to have been made but that the instructions on this point were abstractly correct, and unfortunately the record does not show that all the evidence is included in the bill of exceptions. Under these circumstances we cannot presume error, but, on the contrary, are bound to presume that there was sufficient evidence to justify the instructions given by the circuit judge. *Cook v. Hopper*, 23 Mich. 511; *Greenlee v. Lowing*, 35 Id. 63; *People v. McKinney*, 10 Id. 54.

Judgment will be affirmed, with costs.

The other Justices concurred.