## OHIO CULTIVATOR CO. v. DUNKIN et al.

No. 7134—Opinion Filed Nov. 13, 1917.

(168 Pac. 1002.)

(Syllabus.)

1. **Account, Action on—Payment — Acceptance of Notes—Recovery on Open Account.**

The question as to whether or not a note taken for a pre-existing debt satisfied and

extinguishes the pre-existing debt depends upon the intention of the parties, and is not a question of law, but one of fact for the jury. Hence it is held that a recovery cannot be had upon an open account where the jury finds that notes had been accepted by the creditor as satisfaction of said account.

## 2. Principal and Agent — Authority of Agent—Settlement of Account—Notes.

Where the contract of sale of merchandise provides that the account may be settled "by cash or note," and the creditor sends its representative to settle, and he settles by taking notes, with the distinct agreement that the notes should be in satisfaction of the account, held, that the contract contemplated two methods of settlement, either "by cash or note," and that, when the creditor's representative accepted the notes, as contemplated by the contract, and the creditor in turn accepted the result of his settlement, it cannot be contended that, in taking the notes in satisfaction of the account, the representative acted beyond the scope of his authority.

Kane and Hardy, JJ., dissenting.        –

Error from District Court, Jefferson County; Frank M. Bailey, Judge.

Suit by the Ohio Cultivator Company against J. W. Dunkin and A. L. Walker. Judgment for defendants, and plaintiff brings error. Affirmed.

N. C. Peters and J. G. Clift, for plaintiff in error.

Bridges & Vertrees, for defendants in error.

BRETT, J. In January, 1911, plaintiff in error, plaintiff below, sold to the defendants in error, defendants below, certain farm implements on time. On November 28, 1911, the plaintiff sent a representative to the defendants' place of business at Waurika, to make settlement with the defendants. After determining the amount that was due the plaintiff, the defendants executed and delivered their several notes payable January, February, April, and November, 1913, in settlement of the account. Without the knowledge or consent of defendants, all of the notes were altered so as to make them fall due in 1912 instead of 1913. And when the notes were presented for payment in 1912, the defendants refused to pay same. Later the plaintiff sued the defendants for $1,026.65, the amount represented by the notes, declaring in one count of the petition upon the open account, and in another count upon the notes. On motion, the court required the plaintiff to elect upon which count it would

stand. And it elected to stand on the open account, and tendered the notes into court for cancellation. The defendants filed a general denial, pleaded that the account sued on had been settled by the notes which were taken by plaintiff as settlement and in liquidation of the account sued upon; also by cross-petition claimed certain damages by reason of the plaintiff's refusal to furnish repairs, extras, and supplies contemplated by the contract; and for damages to the business standing and reputation of the defendants, alleged to have been caused by the conduct of plaintiff. The cause was submitted to a jury on general instructions and a special interrogatory, and the jury returned a general verdict, finding the issues in favor of the defendants, and also awarding them a recovery against the plaintiff in the sum of $1,026.65, and answered the special interrogatory in favor of the defendants. The defendants filed a remittitur as to the $1,026.65, and judgment was rendered to the effect that the plaintiff take nothing by reason of the action, and that the defendants have judgment against the plaintiff for the costs. And from this judgment the plaintiff appeals.

1. Plaintiff raises a number of minor questions in its brief, but the one proposition which must determine the rights of the parties under the facts and pleadings in this case is whether or not the plaintiff had a right to sue and recover upon the open account. And under the facts in this case, there is comparatively little conflict of authorities upon this question. Maine, Massachusetts, and Vermont hold that the taking of a negotiable note for a prior indebtedness is prima facie satisfaction of the prior debt, which the writer of this opinion personally thinks is the more logical and better rule. But the great majority of the states hold that the taking of a note of a debtor for a pre-existing debt is not payment or satisfaction of the pre-existing debt, unless it was the intention of the parties that it should be, or unless the creditor has parted with the note, so as to subject the debtor to double payment. But all the authorities agree that where the matter is in controversy the question as to whether or not a note was taken in satisfaction of a pre-existing debt is not a question of law, but one of fact for the jury. Craddock v. Dwight, 85 Mich. 587, 48 N. W. 644; Webb et al. v. National Bank of the Republic et al., 67 Kan. 62, 72 Pac. 520; Leschen & Sons Rope Co. v. Mayflower Gold Mining Co., 173 Fed. 855, 97 C. C. A. 465, 35 L. R. A. (N. S.) 1; Tobey v. Barker, 5

Johns. (N. Y.) 68, 4 Am. Dec. 326; Combination Steel & Iron Co. v. St. Paul Ry. Co., 47 Minn. 207, 49 N. W. 744; Bond v. McMahon, 94 Mich. 557, 54 N. W. 281. And in the case at bar the court instructed the jury as to the law applicable to the facts in the case, in a very clear and accurate set of instructions, and in addition to this submitted to them a special interrogatory as to whether or not at the time the defendants executed and delivered the notes to the plaintiff, it was with the understanding and agreement by and between the parties "that the open account held by the plaintiff against the defendants, would be thereby settled and discharged." And the jury answered this interrogatory in the affirmative. And as a matter of course an action cannot be maintained on a prior debt where notes were given under an agreement that they should be taken in satisfaction of the prior debt; for the reason that the notes taken under those conditions extinguish the prior debt, and it no longer exists. Hence that question having been clearly and pointedly submitted to the jury, and they having found that it was the intention of the parties that the open account should be extinguished by the notes, the plaintiff was in court on a claim which in reality did not exist, and upon which it was not entitled to recover. And we are not concerned as to the other assignments of error, for even if error as to some other matter did creep in during the trial of the case, that could not have prejudiced the plaintiff's chances to recover, for it was in court claiming upon an account that did not exist, but had been extinguished.

2. But the plaintiff says that, although there was evidence that the notes were taken by the representative of the plaintiff with the understanding and agreement that they should extinguish the account, yet there was no evidence that said representative had authority to make such an agreement. But the contract of sale itself, pleaded and introduced in evidence by the plaintiff, provides that settlement might be made "by cash or note." And when plaintiff sent its representative to Waurika to settle, he accepted notes instead of the cash, and these notes were in turn accepted by the plaintiff. It is certain that if the defendants had acted on the other alternative and settled by cash, that would have extinguished the account, and it is equally certain that the representative's authority to accept the cash would not have been questioned. But the contract contemplated two methods of settlement, either "by cash or note." And

when plaintiff's representative accepted the notes, as contemplated by the contract, in settlement of the account, it cannot be contended that he acted beyond the scope of his authority. That was the very thing he was sent to do, either to take notes or cash in settlement of the account. And after plaintiff having accepted the result of his settlement, made as contemplated by the contract, it cannot now be heard to deny his authority.

The judgment is affirmed.

KANE and HARDY, JJ., dissent. All the other Justices concur.