WARNER L. COLVERT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9170. Promulgated March 26, 1927.

1. The debt herein was properly ascertained to be worthless and charged off in the taxable year, and constituted a deduction from gross income.

2. A taxpayer on the cash receipts and disbursements basis may not deduct from gross income the amount of a note given for an antecedent obligation, where it is not shown that the note was accepted as payment.

*Charles H. Garnett, Esq.,* for the petitioner.
*Bruce A. Low, Esq.,* for the respondent.

This proceeding is for the redetermination of deficiencies in income taxes for the years 1920 and 1921, in the amounts of $1,563.06 and $1,642.27, respectively.

FINDINGS OF FACT.

The petitioner is an individual residing at McAlester, Okla. During the years 1920 and 1921, he was engaged in the business of manufacturing ice cream at that place.

Prior to the year 1913, the petitioner loaned to his brother, George Colvert, $1,000, for which he received George Colvert's promissory note. In the year 1913, he loaned George Colvert the further amount of $2,200, and, the note for $1,000 not having been paid, George Colvert executed and delivered to the petitioner a promissory note for $3,200, and the $1,000 note was then destroyed. George Colvert was about that time suffering from tuberculosis of the glands of the neck and in the hope of benefiting his health he moved to Fort Stockton, Tex., where he invested $14,000 in irrigated land. He lived at Fort Stockton until the year 1919, at which time, his farming venture having proved unprofitable, he sold his land for $2,000 cash and $6,000 in vendor's lien notes and returned to McAlester. On his return to McAlester he worked for the petitioner on the construction of an addition that was then being built to the petitioner's ice cream factory, and subsequently worked for another brother at Ardmore, Okla. The petitioner and George Colvert agreed that the value of the services performed by George Colvert for the petitioner should be credited on the note for $3,200 which George Colvert had given the petitioner. The value of the services was fixed at $1,000 and that amount was credited on the note in full satisfaction of accrued interest, although the interest actually accrued exceeded that amount. George Colvert was, in the years 1919 and 1920, still in bad health and had a family dependent upon him for support, and had no property or income other than the vendor's lien notes mentioned and the salary he was receiving from his brother at Ardmore. In the year 1920 the person who purchased the Texas land from George Colvert failed and, due to some sort of foreclosure proceedings apparently brought by an irrigation company, George Colvert lost the security for his vendor's lien notes. As George Colvert had no other property and was not able to pay the note in question, the petitioner determined that it was worthless and he claimed that amount as a deduction in computing his net income for 1920. The respondent disallowed the deduction. The note was never paid by George Colvert. The petitioner did not keep any personal books of account.

During the years 1919, 1920, and 1921, petitioner employed his brother, John D. Colvert, as foreman and assistant manager of his ice cream factory. The services performed by John D. Colvert were valuable to the petitioner and in the latter part of the year 1921 it was agreed by the petitioner and John D. Colvert that the peti-

tioner should pay John D. Colvert extra compensation for his services. The petitioner thereupon executed and delivered to John D. Colvert a promissory note for $7,000, payable on demand and bearing interest from date. The petitioner paid to John D. Colvert on said note $4,000, either in December, 1921, or January, 1922, and the note was paid in full in the year 1922. The petitioner claimed said amount of $7,000 as a deduction from gross income for the year 1921. The respondent disallowed the deduction.

OPINION.

MARQUETTE: The first question presented herein is whether the petitioner, in computing his net income for the year 1920, is entitled to deduct as a bad debt the amount of $3,200 represented by the note given to him by George Colvert in the year 1913. The respondent contends that the note became barred by the Texas statute of limitations in the year 1917, and that it was, therefore, worthless in that year. The petitioner, however, insists that, even if the note was barred by the Texas statute, George Colvert moved to Oklahoma in the year 1919 and that the payment of interest in Oklahoma revived the debt.

It is not necessary for us, in deciding whether the amount of the note in question is a proper deduction from the petitioner's gross income for the year 1920, to go into the question of whether the note was barred by the laws of Texas or revived under the laws of Oklahoma. The availability of the statute of limitations as a defense to an action on a note is not in itself proof that the note is in fact worthless. *Appeal of Leo Stein*, 4 B. T. A. 1016. The evidence here shows that George Colvert returned to Oklahoma in the year 1919 and that he recognized his debt to the petitioner, at least as a moral obligation, by working for the petitioner and having the value of his services credited on the note. At that time he held vendor's lien notes in the amount of $6,000 from which the petitioner might reasonably expect he would in the future receive sufficient money to discharge his obligation. However, the vendor's lien notes became worthless in the year 1920, the security behind them having been destroyed, and it became apparent to the petitioner at that time that in all probability the note in question would never be paid. The petitioner thereupon determined that the note was worthless and claimed the amount thereof as a deduction in 1920. We are of the opinion that the deduction should be allowed.

In regard to the deduction in the amount of $7,000 claimed by the petitioner in the year 1921, we are not satisfied from the evidence that the note executed and delivered by the petitioner to John D. Colvert was accepted by John D. Colvert as payment for

the services he had rendered. Under the law as laid down by the Supreme Court of Oklahoma, a promissory note given for a prior indebtedness is not in itself proof of the payment of indebtedness. Whether or not a note is given and accepted in satisfaction of a preexisting debt is a question of fact to be determined from the evidence. *Ohio Cultivator Co.* v. *Duncan*, 67 Okla., 58; 168 Pac. 1002.

The evidence herein does not show to our satisfaction that the note in question was given to or accepted by John D. Colvert in satisfaction of the debt due him from the petitioner.

It is also urged by the petitioner that if we do not hold that the note of John D. Colvert was given and accepted in full satisfaction of the amount due from the petitioner to John D. Colvert, that we should nevertheless find that $4,000 was actually paid in the year 1921, which should be allowed as a deduction in that year. The petitioner testified that $4,000 was paid by him in December, 1921, or January, 1922, but he did not definitely fix either date. The respondent has determined that no part of the money was paid in the year 1921, and in the absence of satisfactory evidence to show that payment was made in that year we will not disturb the respondent's determination.

*Judgment will be entered on 15 days' notice, under Rule 50.*

TRUSSELL dissents.