## DELAHUNT v. FINTON.

1. PHYSICIANS AND SURGEONS—EMERGENCY OPERATION MAY BE PERFORMED WITHOUT CONSENT OF PATIENT.

> A surgeon may lawfully perform, and it is his duty to perform, such operation as good surgery demands, in cases of emergency, without the consent of the patient, and in so doing he is not liable for an honest error in judgment.

2. SAME—ORDINARY RULES OF NEGLIGENCE NOT APPLICABLE TO CONDUCT OF SURGEON RESTING UPON JUDGMENT.

> In conduct, like that of a surgeon, resting upon judgment, opinion, or theory, the ordinary rules for determining negligence do

---

On liability of surgeon performing surgical operation without consent, see annotation in 1 L. R. A. (N. S.) 439; 7 L. R. A. (N. S.) 609; 50 L. R. A. (N. S.) 880.

not prevail; one reason for the rule being that when one acts according to his best judgment in an emergency, he is not chargeable with negligence.

3. SAME—MALPRACTICE—WHAT MUST BE SHOWN TO TAKE CASE TO JURY.

In order to take a case of alleged malpractice to the jury, the plaintiff must produce medical testimony to the effect that what defendant physician or surgeon did was contrary to the practice in that or similar communities, or that he omitted to do something which was ordinarily done in that or similar communities.

4. SAME—NEGLIGENCE MAY NOT BE PRESUMED.

The negligence of a physician or surgeon may not be presumed, but must be affirmatively proved.

5. TRIAL—JURY DETERMINES DISPUTED QUESTIONS OF FACT.

The jury determines and disposes of disputed questions of fact.

6. APPEAL AND ERROR—SUPREME COURT MAY NOT PRESUME ERROR— PRESUMPTION IN FAVOR OF VALIDITY OF PROCEEDINGS IN TRIAL COURT.

The Supreme Court may not presume error, but every presumption is in favor of the validity and regularity of the proceedings in the court below.

7. SAME—FAILURE TO GIVE PROPER REQUESTS TO CHARGE NOT ERROR WHERE COVERED IN CHARGE GIVEN.

Where the court covered the case in a correct and complete charge, failure to give requested instructions is not reversible error, although some of them might well have been given.

8. PHYSICIANS AND SURGEONS—TRIAL—INSTRUCTIONS AS TO EXISTENCE OF EMERGENCY CORRECT.

The charge of the court on the question of the existence of an emergency, in an action for malpractice, *held,* warranted by the law and the facts, and that the determination of the jury is final.

9. SAME—MALPRACTICE DEFINED.

Malpractice, in its ordinary sense, is the negligent performance by a physician or surgeon of the duties devolved and incumbent upon him on account of his contractual relations with his patient.

10. SAME—EVIDENCE—EXCLUSION NOT ERROR.

>In an action for malpractice in the performance of a surgical operation, the exclusion of testimony that defendant had stated, five or six months after the operation, that plaintiff's wound did not heal because he had syphilis, *held*, not prejudicial error.

11. SAME—TRIAL—INSTRUCTIONS NOT OBJECTIONABLE.

>Plaintiff's claim that the court erred in giving undue prominence to defendant's claim, *held*, not sustained by the record.

12. NEW TRIAL—PROPERLY DENIED.

>Motion for new trial, *held*, properly denied.

Error to Jackson; Parkinson (James A.), J. Submitted June 12, 1928. (Docket No. 98, Calendar No. 33,238.) Decided October 1, 1928. Rehearing denied December 4, 1928.

Case by Patrick F. Delahunt against Walter L. Finton for malpractice. Judgment for defendant. Plaintiff brings error. Affirmed.

*Richard Price* and *Don T. McKone*, for appellant.

*Lodge & Brown* and *John F. Henigan*, for appellee.

POTTER, J. Plaintiff sued defendant for malpractice. There was verdict and judgment for defendant. Plaintiff brings error, assigning 54 reasons for reversal grouped under five heads. Plaintiff claims he employed defendant to advise him as to his condition; that defendant made a partial examination; stated to him it would be necessary to administer an anesthetic to complete the examination; that plaintiff went to the hospital in Jackson to have the examination completed, and, without his consent, defendant, while plaintiff was under the influence of an anesthetic, operated on him. In so doing defendant passed a filiform bougie through the urethral passage into the bladder. This was to be followed by a metal sound to dilate the urethral strictures

of which plaintiff complained. This filiform bougie looped in the bladder and could not be withdrawn, and, confronted with this condition, defendant, after consulting his associates, operated on plaintiff and removed the bougie. Plaintiff's claim is that defendant wrongfully operated without his consent, and that the loss of the bougie was due to carelessness. Defendant claims he was employed to operate; that the looping of the bougie in plaintiff's bladder was an unforeseen contingency, resulting in such an emergency as to endanger the life and health of plaintiff; and that, acting on his best judgment, after consultation with his associates, he operated in the emergency and cannot be held liable in damages.

Plaintiff claims the court erred in his instructions concerning a surgical emergency. It is settled that a surgeon may lawfully perform, and it is his duty to perform, such operation as good surgery demands, in cases of emergency, without the consent of the patient. *Luka* v. *Lowrie,* 171 Mich. 122 (41 L. R. A. [N. S.] 290); *Pratt* v. *Davis,* 224 Ill. 300 (79 N. E. 562, 7 L. R. A. [N. S.] 609, 8 Ann. Cas. 197). In so doing he is not liable for an honest error in judgment. *Luka* v. *Lowrie, supra; Williams* v. *Poppleton,* 3 Ore. 139. In conduct, like that of a surgeon, resting upon judgment, opinion, or theory, the ordinary rules for determining negligence do not prevail. *Luka* v. *Lowrie, supra; The Tom Lysle,* 48 Fed. 690; *Brown* v. *French,* 104 Pa. 604; *Williams* v. *Le Bar,* 141 Pa. 149 (21 Atl. 525). One reason for the rule is that when one acts according to his best judgment in an emergency, he is not chargeable with negligence. *Luka* v. *Lowrie, supra; Staloch* v. *Holm,* 100 Minn. 276 (111 N. W. 264, 9 L. R. A. [N. S.] 712); *Williams* v. *Poppleton, supra;* 30 Cyc. p. 1587; *Sherwood* v. *Babcock,* 208 Mich. 536.

In order to submit a case of alleged malpractice to the jury, the plaintiff must produce medical testimony to the effect that what the attending physician or surgeon did was contrary to the practice in that or similar communities, or that he omitted to do something which was ordinarily done in that or similar communities. *Sherwood* v. *Babcock, supra.* Defendant's negligence cannot be presumed, but must be affirmatively proved. *Grand Rapids, etc., R. Co.* v. *Judson,* 34 Mich. 506; *Brown* v. *Railway Co.,* 49 Mich. 153. The jury determines and disposes of disputed questions of fact. We cannot presume error. *Manning* v. *Bresnahan,* 63 Mich. 584; *Bond* v. *McMahon,* 94 Mich. 557. Every presumption is in favor of the validity and regularity of the proceedings in the court below. *Turnbull* v. *Richardson,* 69 Mich. 400. Some of plaintiff's requests might well have been given. But the court covered the case in a correct and complete charge and where this is done a judgment will not be reversed for failure to give specific instructions preferred by the parties. We think the charge of the court on the question of the existence of an emergency warranted by the law and the facts and that the determination of the jury is final.

The plaintiff alleges the court erred in submitting the question of what constituted malpractice. Malpractice, in its ordinary sense, is the negligent performance by a physician or surgeon of the duties devolved and incumbent upon him on account of his contractual relations with his patient. 26 Cyc. p. 121; 30 Cyc. p. 1546. The charge of the court quoted the language of 30 Cyc. p. 1546. It substantially followed the rule of *Sherwood* v. *Babcock, supra; Luka* v. *Lowrie, supra,* and *The Tom Lysle, supra.* We find no error in the charge given by the trial court on this subject.

Plaintiff alleges the court erred in striking out the testimony of Moses Jacobson, who testified that defendant, five or six months after the operation, at the city club, said plaintiff's wound did not heal because plaintiff had syphilis. The defense claimed on the trial plaintiff had syphilis. Plaintiff claimed defendant made this statement to deter plaintiff from bringing suit; that it was defendant's purpose, in making the statement in a public way, that knowledge of it might be carried to plaintiff so he would not sue him. The court excluded it as too remote and because the jury was asked to infer defendant's object. The court said ''at this time I will sustain the objection'' and struck out the testimony. The testimony was not subsequently offered. We think the exclusion of this testimony was not prejudicial error.

The plaintiff claims the court erred in giving undue prominence to defendant's claim. There was no singling out of witnesses; no calling attention to specific testimony; no attempt to construe the testimony; no giving undue prominence to particular facts, as was found objectionable in the requests preferred in *First National Bank* v. *Union Trust Co.,* 158 Mich. 94 (133 Am. St. Rep. 362), and analogous cases. The case was well tried by able counsel. Many questions were raised, and we think the court fully covered them in a fair charge.

The plaintiff claims the court erred in overruling his motion for a new trial. The motion for a new trial, addressed to the discretion of the trial court, alleged as error most of the things relied upon here. The trial court denied a new trial and we think there was no error in doing so.

Judgment affirmed, with costs to defendant.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.