*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID COOK,

      Plaintiff-Appellant,

v

MUNSON MEDICAL CENTER, INC.,

      Defendant-Appellee.

UNPUBLISHED
June 27, 2024

No. 365373
Grand Traverse Circuit Court
LC No. 2022-036359-NO

Before: CAMERON, P.J., and N. P. HOOD and YOUNG, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(7). Plaintiff argues that his claim is one of ordinary negligence, not medical malpractice, and the trial court erred by concluding that his claim was barred by the statute of limitations applicable to malpractice claims. Because plaintiff's claim sounds in medical malpractice, and he failed to file his complaint within the applicable limitations period, we affirm.

## I. BACKGROUND

On September 8, 2019, plaintiff was involved in a serious motorcycle accident and was taken to defendant's hospital facility for emergency care. Plaintiff was admitted and treated for several injuries, including a severe spinal injury resulting in paralysis. He was discharged on September 19, 2019, and transferred to another facility for inpatient treatment.

On December 21, 2021, plaintiff served defendant with a notice of intent to file suit pursuant to MCL 600.2912b(1).[1] On September 14, 2022, plaintiff filed a complaint seeking damages arising from his treatment at defendant's hospital facility. The complaint did not identify

---

[1] MCL 600.2912b(1) provides, in part, that "a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced."

any specific cause of action. Yet, it alleged that on multiple occasions, plaintiff informed defendant's staff members that he had pain in his right wrist. It further alleged that defendant's staff members failed to inform appropriate medical personnel of plaintiff's wrist pain, thereby delaying his treatment for what was later identified as a wrist fracture, causing significant impairment, and adversely impacting his treatment for paralysis. On December 13, 2022, defendant moved for summary disposition of plaintiff's claim under MCR 2.116(C)(7), arguing that it sounded in medical malpractice, not ordinary negligence, and was barred by the applicable limitations period. The trial court granted the motion, concluding that plaintiff's claim involved proper precautions, procedures, and medical decisions such that it sounded in medical malpractice and was barred by the statute of limitations. This appeal followed.

## II. ANALYSIS

Plaintiff argues that the trial court erred by granting defendant's motion for summary disposition because his claim sounded in ordinary negligence and was not barred by the statute of limitations applicable to medical malpractice actions. We disagree.

## A. STANDARDS OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition is appropriate under MCR 2.116(C)(7) when a claim is barred by the statute of limitations. *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). When addressing such a motion, the trial court "must accept as true the allegations of the complaint unless contradicted by the parties' documentary submissions." *Allstate Ins Co v State Farm Mut Auto Ins Co*, 321 Mich App 543, 550-551; 909 NW2d 945 (2017), citing *Patterson v Kleiman*, 447 Mich 429, 434 n 6; 526 NW2d 879 (1994). A party moving for summary disposition under MCR 2.116(C)(7) "may support the motion with affidavits, depositions, admissions, or other admissible documentary evidence, which the reviewing court must consider." *Allstate Ins Co*, 321 Mich App at 551, citing *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). Furthermore, "[w]hether a claim sounds in ordinary negligence or medical malpractice is a question of law that is reviewed de novo." *Trowell v Providence Hosp & Med Ctrs, Inc*, 502 Mich 509, 517; 918 NW2d 645 (2018), citing *Bryant v Oakpointe Villa Nursing Centre*, 471 Mich 411, 419; 684 NW2d 864 (2004).

## B. NATURE OF PLAINTIFF'S CLAIM

The trial court correctly concluded that plaintiff's claim sounded in medical malpractice rather than ordinary negligence because it pertained to actions that occurred within the course of a professional relationship and presented a question of medical judgment beyond the realm of common knowledge and experience.

A medical malpractice action is distinguished from a claim of ordinary negligence by two defining characteristics. *Bryant*, 471 Mich at 422. First, medical malpractice can occur only "within the course of a professional relationship." *Id.*, quoting *Dorris v Detroit Osteopathic Hosp Corp*, 460 Mich 26, 45; 594 NW2d 455 (1999) (quotation marks omitted). Second, a medical malpractice action necessarily "raise[s] questions involving medical judgment." *Bryant*, 471 Mich at 422, quoting *Dorris*, 460 Mich at 46 (quotation marks omitted). In contrast, an ordinary

negligence claim raises questions "within the common knowledge and experience of the fact-finder." *Bryant*, 471 Mich at 422, quoting *Dorris*, 460 Mich at 46 (quotation marks and brackets omitted). Therefore, a court determining whether a claim sounds in ordinary negligence or medical malpractice must ask two questions: "(1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience." *Bryant*, 471 Mich at 422. If both questions are answered in the affirmative, the action will be subject to the procedural and substantive requirements applicable to medical-malpractice actions. *Id.*

A professional relationship that can support a claim of medical malpractice exists where "a licensed health care professional, licensed health care facility, or the agents or employees of a licensed health care facility, were subject to a contractual duty that required that professional, that facility, or the agents or employees of that facility, to render professional health care services to the plaintiff." *Id.*, citing *Dyer v Trachtman*, 470 Mich 45, 50; 679 NW2d 311 (2004); *Delahunt v Finton*, 244 Mich 226, 230; 221 NW 168 (1928). A claim raises questions of medical judgment when "the reasonableness of the action can be evaluated by a jury only after having been presented the standards of care pertaining to the medical issue before the jury [as] explained by experts." *Bryant*, 471 Mich at 423. This determination is fact-specific, and the court "must examine the particular factual setting of the plaintiff's claim" to determine whether it "implicate[s] medical judgment." *Id.* at 421 n 9. Michigan courts have defined medical malpractice as:

> the failure of a member of the medical profession, employed to treat a case professionally, to fulfill the duty to exercise that degree of skill, care and diligence exercised by members of the same profession, practicing in the same or similar locality, in light of the present state of medical science. [*Id.* at 424, quoting *Adkins v Annapolis Hosp*, 116 Mich App 558, 564; 323 NW2d 482 (1982).]

In contrast, the failure of medical staff to take corrective action once a general risk of harm becomes evident does not implicate medical judgment. See *Bryant*, 471 Mich at 430-431; *Trowell*, 502 Mich 520-521.

Both parties rely on *Bryant* and *Trowell* to support their positions. In *Bryant*, our Supreme Court addressed whether the plaintiff's claims sounded in ordinary negligence when the defendant failed to take steps to prevent accidental asphyxiation after the decedent, a day earlier, had become dangerously entangled in her bedding and close to asphyxiating herself in her bed rails. *Bryant*, 471 Mich at 430. The Court in *Bryant* held that expert testimony was not necessary to determine whether the defendant's employees should have taken some form of corrective action to prevent future harm after learning of the decedent's risk of asphyxiation, and concluded that the claim was one of ordinary negligence as a result. *Id.* at 430-431. In *Trowell*, our Supreme Court addressed whether the plaintiff's claims sounded in ordinary negligence when the defendant's staff dropped the plaintiff while attempting to move her without assistance. *Trowell*, 502 Mich at 522. The defendant's staff had previously dropped the plaintiff while moving her without assistance but took no corrective action before dropping the plaintiff a second time. *Id.* The Court in *Trowell* held that the plaintiff's claim was one that a jury, "relying only on common knowledge and experience," could decide and sounded in ordinary negligence as a result. *Id.*, citing *Bryant*, 471 Mich at 431. The common thread with both cases is that medical staff became aware of a risk of harm, but took no corrective action, then the same risk resulted in an actual harm. See *Bryant*, 471

Mich at 431; *Trowell*, 502 Mich at 522. These breaches of duty did not involve medical or professional judgment; rather, they were ordinary negligence that a jury "relying only on common knowledge and experience could decide." *Trowell*, 502 Mich at 522, quoting *Bryant*, 471 Mich at 431 (quotation marks omitted).

Here, plaintiff's claim related to acts or omissions that occurred within the course of a professional relationship. As recognized by the trial court, the parties do not dispute that a professional relationship existed. Because defendant—a health care facility—rendered professional health care services to plaintiff—an admitted patient—a professional relationship existed, and plaintiff's claim related to acts or omissions that occurred within the scope of that relationship. See *Bryant*, 471 Mich at 422.

Furthermore, plaintiff's claim raised a question of medical judgment beyond the realm of common knowledge and experience. Plaintiff alleged that defendant's medical staff failed to inform appropriate personnel about his right wrist pain during his hospitalization. Yet, the record reflects that defendant's medical staff evaluated plaintiff's right wrist, documented his pain, and notified other personnel. The record also reflects that nursing staff performed neurological assessments and evaluated plaintiff's right arm movement, motor strength, and grip strength. Because defendant's medical staff recorded plaintiff's wrist pain, informed other personnel, and routinely assessed plaintiff's right arm and hand, plaintiff's claim ultimately requires consideration of whether defendant's medical personnel properly evaluated and treated plaintiff's wrist injury. This inquiry implicates medical judgment beyond the realm of common knowledge and experience. Plaintiff relies on *Bryant* and *Trowell* to support his position, but unlike those cases, his claim does not involve a circumstance in which medical staff failed to take corrective action after identifying a general risk of harm. Accordingly, plaintiff's claim sounds in medical malpractice rather than ordinary negligence.

## C. STATUTE OF LIMITATIONS

Plaintiff failed to file his complaint within the limitations period applicable to medical malpractice actions. Therefore, the trial court did not err when it granted defendant's motion for summary disposition under MCR 2.116(C)(7).

"In general, a plaintiff in a medical[-]malpractice case must bring his claim within two years of when the claim accrued, or within six months of when he discovered or should have discovered his claim." *McMiddleton v Bolling*, 267 Mich App 667, 670; 705 NW2d 720 (2005) (quotation marks and citations omitted). See also MCL 600.5838a(2). A medical malpractice action accrues "at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." MCL 600.5838a(1). A medical malpractice action is time-barred if it is not commenced within statutorily prescribed time limits. MCL 600.5838a(2).

A plaintiff in a medical-malpractice action is required to provide the defendant with written notice of their intent to file a claim at least 182 days before commencing the action. MCL 600.2912b(1). If a plaintiff provides the defendant with written notice of their intent to file a claim before the limitations period expires, and the limitations period would otherwise expire during the 182-day notice period, then the limitations period will be tolled until the 182-day notice period

expires. See MCL 600.2912b(1). See also *Haksluoto v Mt Clemens Regional Med Ctr*, 500 Mich 304, 312; 901 NW2d 577 (2017).

On March 23, 2020, our Supreme Court entered AO 2020-3, which "extend[ed] all deadlines pertaining to case initiation and the filing of initial responsive pleadings in civil and probate matters during the state of emergency" related to COVID-19 declared by our Governor on March 10, 2020. Administrative Order No. 2020-3, 505 Mich cxxvii (2020). Our Supreme Court later entered AO 2020-18, which rescinded AO 2020-3 as of June 20, 2020, and provided guidance regarding the operation of the corresponding tolling period:

> For time periods that started before Administrative Order No. 2020-3 took effect, the filers shall have the same number of days to submit their filings on June 20, 2020, as they had when the exclusion went into effect on March 23, 2020. For filings with time periods that did not begin to run because of the exclusion period, the filers shall have the full periods for filing beginning on June 20, 2020. [Administrative Order No. 2020-18, 505 Mich clviii (2020).]

A de novo review of the record reveals that plaintiff's claim is barred by the limitations period applicable to medical malpractice actions.[2] See MCL 600.5838a(2). The record reflects that the first incident of alleged malpractice occurred on September 10, 2019, when plaintiff informed defendant's medical personnel of his wrist pain and they allegedly did not act to address it. The record further reflects that the last incident of alleged malpractice occurred on September 19, 2019, when plaintiff was discharged without having received treatment for what was later identified as a wrist fracture. Accordingly, plaintiff's claim accrued, at the latest, on September 19, 2019. See MCL 600.5838a(1). Accounting for AO 2020-3 and AO 2020-18, which tolled the limitations period for 102 days between March 10, 2020, and June 20, 2020, plaintiff had until December 30, 2021, to either file suit or provide defendant with written notice of his intent to file a medical malpractice action. See *Carter v DTN Mgt Co*, 345 Mich App 378, 385-386; 5 NW3d 372 (2023). Plaintiff provided defendant with written notice of his intent to file a medical malpractice action on December 21, 2021, thereby tolling the limitations period until June 30, 2022. See MCL 600.2912b(1). Because plaintiff did not file his complaint until September 14, 2022, his claim is barred by the statute of limitations.[3]

---

[2] Defendant suggests that plaintiff's appellate appendices B, D, and E were not part of the lower court record such that this Court should disregard them on appeal. We disagree. Plaintiff's appellate appendices B, D, and E were attached to plaintiff's response to defendant's summary disposition motion as exhibits C, A, and B, respectively.

[3] Plaintiff's claim is similarly barred under the six-month discovery rule set forth in MCL 600.5838a(2). The record reflects that plaintiff discovered or should have discovered the basis for his medical malpractice action by no later than January 15, 2020, when, after his discharge from defendant's hospital facility, he was diagnosed with a wrist fracture caused by the September 8, 2019 motorcycle accident. Under the six-month discovery rule, plaintiff had until July 15, 2020, to file his complaint but did not do so until September 14, 2022.

-5-

### III.  CONCLUSION

The trial court correctly concluded that plaintiff's claim sounded in medical malpractice rather than ordinary negligence because it pertained to actions that occurred within the course of a professional relationship and presented a question of medical judgment beyond the realm of common knowledge and experience.  Additionally, plaintiff failed to file his complaint within the limitations period applicable to medical malpractice actions.  Therefore, the trial court did not err when it granted defendant's motion for summary disposition under MCR 2.116(C)(7).

We affirm.


/s/ Thomas C. Cameron
/s/ Noah P. Hood
/s/ Adrienne N. Young